Michael Chipman, pro se.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondent.

### U.S. ex rel. Michael CHIPMAN, Petitioner,

v.

### Jack DUCKWORTH, et al., Respondents.

### No. 87 C 10146.

United States District Court, N.D. Illinois, E.D.

Dec. 16, 1987.

### MEMORANDUM OPINION AND ORDER

BUA, District Judge.

This petition for a writ of habeas corpus has been transferred to this court from the United States District Court for the Northern District of Indiana, South Bend Division. For the reasons which follow, this court returns the case to that district.

Petitioner Michael Chipman is a prisoner at the Indiana State Prison in Michigan

---

City, Indiana, serving sentences following his convictions in the Circuit Court of Lake County, Indiana, for burglary and failure to appear. His petition challenges a 1974 Illinois conviction for armed robbery entered pursuant to a guilty plea. Chipman has fully satisfied his Illinois sentence. He brings this petition attacking the validity of the plea alleging the Indiana court used it to enhance his sentence.

By order dated November 20, 1987, the United States District Court for the Northern District of Indiana transferred the case here, stating as follows:

On the basis of 28 U.S.C. § 1404, the most convenient forum for the proper disposition of this case is the United States District Court for the Northern District of Illinois in Chicago, Illinois.

This petitioner is here attacking criminal convictions imposed in the Circuit Court of Cook County, Illinois. That court is in a far better position to understand and deal with Illinois state criminal convictions under 28 U.S.C. § 2254. Also, it will be far more convenient for the Attorney General of Illinois to deal with this case there than here.

This court, however, with all due respect to the court for the Northern District of Indiana, finds that the Northern District of Indiana is the proper forum for disposition of the case. The petition is a refiling of *United States ex rel. Chipman v. Hartigan,* 86 C 7279 (N.D.Ill. Sept. 30, 1986). This court summarily dismissed 86 C 7279 with the following explanation:

The "in custody" requirement of 28 U.S.C. § 2254 creates an insurmountable barrier to Chipman's attempt to challenge his Illinois sentence in this Court. Because Chipman has completed his Illinois sentence, Illinois no longer has any interest in Chipman's present or future confinement. Indiana's use of the Illinois conviction is not sufficient to bring Chipman within the constructive custody of Illinois officials. As Illinois has neither actual nor constructive custody over Chipman, this Court is without jurisdiction to consider his habeas corpus petition. *See Marks v. Rees,* 715 F.2d 372

(7th Cir.1983). Because "the adverse consequences that the [Illinois] conviction may have on petitioner are due only to the force which [Indiana] by its laws chooses to give the conviction," Chipman's claim for federal habeas corpus relief can only be brought in the district of his conviction and confinement—the Northern District of Indiana. *See Hanson v. Circuit Court,* 591 F.2d 404, 409 (7th Cir.), *cert. denied,* 444 U.S. 907 (1979).

Accordingly, the Clerk is directed to transfer this case back to the United States District Court for the Northern District of Indiana, South Bend Division. This court's order of December 11, 1987, directing respondents to respond to the petition by January 4, 1988, is vacated.