In the Matter of William HICKS, Petitioner,

v.

Jack R. DUCKWORTH and Attorney General of Indiana, Respondents.

No. 88–2683.

United States Court of Appeals, Seventh Circuit.

Submitted July 5, 1988.

Decided Sept. 9, 1988.

William Hicks, Indiana State Prison, Michigan City, Ind., pro se.

Margaret L. Paris, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Chicago, Ill., for petitioner.

Kermit R. Hilles, Office of the Atty. Gen., Indianapolis, Ind., for respondents.

Before BAUER, Chief Judge, and POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

William Hicks, a prisoner in an Indiana state prison, applied to a federal district court in Indiana for habeas corpus, contending that he was being imprisoned in consequence of an unconstitutional conviction that he had received in Nevada—a conviction the Indiana state courts had used to convict him as a habitual offender. Upon motion by the Attorney General of Indiana, the district court ordered the case transferred to a federal district court in Nevada on the ground that a federal district court in Indiana was a "most inconvenient forum to examine a conviction under the State law of Nevada." Hicks has asked us for a writ of mandamus directing Judge Sharp to rescind the order of transfer.

The use of mandamus (28 U.S.C. § 1651(a)) to correct an erroneous transfer out of circuit has been approved. See, e.g.,

*Hoffman v. Blaski*, 363 U.S. 335, 340 and n. 9, 80 S.Ct. 1084, 1088 and n. 9, 4 L.Ed.2d 1254 (1960); *Roofing & Sheet Metal Services, Inc. v. LaQuinta Motor Inns, Inc.*, 689 F.2d 982, 987 (11th Cir.1982); *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16 (9th Cir.1969); *In re Josephson*, 218 F.2d 174, 180–81 (1st Cir.1954) (Magruder, J.); cf. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). It is difficult to see how such an error could be corrected otherwise. The district court to which the case was transferred would be most likely to dismiss it, as in *United States ex rel. Chipman v. Duckworth*, 674 F.Supp. 1343 (N.D.Ill.1987), so that the application for habeas corpus would wander between circuits like the Ancient Mariner.

And error there was here. The transfer statute, so far as pertinent to this case, authorizes a district court to "transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). This action could not have been brought in Nevada, because Nevada has no custody over Hicks, a prisoner in Indiana. So at least we held in *Marks v. Rees*, 715 F.2d 372 (7th Cir.1983) (the habeas corpus statute itself is not explicit on the point, though there are broad hints in 28 U.S.C. §§ 2241(d) and 2242); see also *Hanson v. Circuit Court*, 591 F.2d 404, 409 (7th Cir.1979); *Sammons v. Rodgers*, 785 F.2d 1343 (5th Cir.1986); *St. John v. Sargent*, 569 F.Supp. 696 (N.D.Cal.1983). Hicks might have brought an action for coram nobis there, seeking to vacate an invalid judgment that was having a collateral effect elsewhere, namely in Indiana, after he had been released from custody in Nevada. See, e.g., *United States v. Correa–De Jesus*, 708 F.2d 1283 (7th Cir.1983); *United States v. Keane*, 852 F.2d 199 (7th Cir.1988); *United States v. Bonansinga*, 855 F.2d 476, 477–78 (7th Cir.1988). But no one in the course of this proceeding has mentioned coram nobis, and the question of its possible availability to Hicks is therefore not an issue.

936

■ The Attorney General of Indiana does not question the authority of any of the decisions that would preclude Hicks from seeking habeas corpus in Nevada, a state that has no custody over him. Instead the Attorney General argues that there is, over and above section 1404(a), an inherent authority to transfer a habeas corpus application to a more convenient forum even if the application could not have been filed there in the first place. No authority for the existence of this inherent authority is offered, and we refuse to amend the transfer statute by invoking the nebulous concept of inherent authority. Federal courts do have inherent authority to protect the integrity and efficacy of their processes, as we noted in *Newman–Green, Inc. v. Alfonzo–Larrain R.*, 854 F.2d 916, 921–22 (7th Cir.1988), but no such interest is engaged by merely the superior convenience of an alternative forum.

The petition for mandamus is granted and Judge Sharp is directed to rescind his transfer order.