**James LOWERY, Petitioner–Appellant,**

**v.**

**Warren YOUNG, Respondent–Appellee.**

**No. 87–2910.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1988.

Decided Oct. 24, 1989.

James E. Lowery, Waupun Correctional Institution, Waupun, Wis., pro se.

Allen E. Shoenberger, Loyola Law School, Chicago, Ill., Jack Crowe, Law Student, for petitioner-appellant.

William L. Gansner, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before BAUER, Chief Judge,
RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Petitioner-appellant James Lowery was convicted on eight counts of first degree forgery in a Georgia state court in 1981. While on parole for that sentence in 1985, he was arrested in Wisconsin and subsequently convicted in that state for first degree sexual assault, armed robbery, and false imprisonment.[1] Lowery was sentenced to 65 years under Wisconsin's Habitual Offender Statute (Wis.Stat. 939.62 & 939.63 (West 1982)), and is presently incarcerated at Dodge Correctional Center, Waupun, Wisconsin.

## I. Background

On July 5, 1987, Lowery filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin, naming the Wisconsin custodian, Warren Young, as respondent (here respondent-appellee). In his petition, Lowery alleged that thirteen constitutional errors invalidated his Georgia conviction. The district court dismissed the petition because Lowery failed to exhaust two of the thirteen claims.

Lowery subsequently submitted a Motion for Reconsideration including only the exhausted claims.[2] The state responded by

---

1. Lowery went to trial on the sexual assault charge but pled guilty to the armed robbery and false imprisonment charges.

2. Lowery's petition included essentially the following claims:
   1. Denial of the benefit of counsel and the effective assistance of counsel during trial.
   2. Irrelevant evidence improperly allowed to be shown to the jury.
   3. Prosecutorial misconduct with defense witnesses.

4. Prejudicial presentation of photographic evidence.
5. Errors in instructions to the jury.
6. Denial of the "Presumption of Innocence."
7. Impropriety with bailiff and jurors.
8. Juror prejudice.
9. Denial of right to a fair trial.
10. The verdict was contrary to the evidence.

claiming that Lowery was not "in custody" pursuant to the Georgia state convictions since he was discharged from his parole on those convictions one day prior to the filing of his Motion for Reconsideration. Lowery then filed a "Traverse"[3] addressing the state's claims. On October 6, 1987, Lowery filed an "Amendment to the Traverse," asserting for the first time that his Wisconsin sentence was enhanced because of the allegedly illegal Georgia convictions. Two days later, before the state could respond to the Amendment to the Traverse, the district court dismissed Lowery's petition because it found that Lowery was not "in custody" for purposes of attacking his Georgia convictions, regardless of his allegations that the Wisconsin sentence was enhanced by virtue of the Georgia convictions. The court further found that although Lowery argued the sentence enhancement issue "in his supplemental Traverse ..., there [was] nothing in the record to indicate that the Georgia conviction[s] [were] the reason that [Lowery] was sentenced as a habitual offender."

After the district court denied Lowery a Certificate of Probable Cause to Appeal and denied him *in forma pauperis* status, Lowery asked this court to appoint counsel for him. This court granted that request, and subsequently granted Lowery a Certificate of Probable Cause to Appeal as well as *in forma pauperis* status. In an unpublished order dated March 29, 1988, we concluded that the "district court never had jurisdiction over Lowery's custodian in Georgia ...", that Lowery was "in custody" under his Wisconsin sentence, and that "the case [was] not moot concerning it." *Lowery v. Young*, No. 87–2910 (7th Cir. Mar. 29, 1988) (unpublished). *Accord Maleng v. Cook*, — U.S. —, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

## II. Analysis

■ We first address "whether Lowery adequately alleged that the Wisconsin sentence was enhanced by virtue of the Georgia conviction...." *Lowery*, No. 87–2910,

at 2. (If not, Lowery waived the issue for purposes of appeal. *See United States v. Sweiss*, 814 F.2d 1208, 1210–11 (7th Cir. 1987); *Andrews v. United States*, 817 F.2d 1277, 1281 (7th Cir.), *cert. denied*, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987).) Lowery contends that he adequately alleged the enhancement of his Wisconsin sentence before the district court, that the district court was aware of and dismissed this claim erroneously, and that the issue is properly on appeal. In response, the state first argues that Lowery's petition challenged only his Georgia conviction. The state claims that it had "no reasonable basis" to believe Lowery's Amendment to his Traverse asserted the enhancement of his Wisconsin sentence by virtue of his Georgia convictions; the state argues that this assertion came in response to the state's claim that Lowery was not "in custody" to attack his Georgia convictions. Thus, the state claims that Lowery cannot change his petition in mid-stream, attempting to attack his Wisconsin sentence when he originally only intended to attack his Georgia conviction.

Although the petition contained claims against his Georgia convictions, Lowery filed the petition in the manner proper for attacking his current sentence; Lowery filed his habeas petition in Wisconsin, and named his Wisconsin custodian as respondent. *See* Rules Governing § 2254 Cases, Rule 2(a) and Advisory Committee Note. Since Lowery's *pro se* petition was subject to reasonable interpretation, construing it as improperly filed makes little practical sense; requiring Lowery to refile an identical petition would only serve to burden the court's and the parties' time and resources.

■ Next, the state poses the argument that Lowery did not adequately allege the sentence enhancement issue because he asserted it in a supplemental pleading to which the state could not respond. The state concedes Lowery "technically" alleged the sentence enhancement issue, but argues that the *mere* assertion of the claim should not transform the petition into an

---

**3.** Used almost exclusively these days by prison inmates to describe certain pleadings, the term

"traverse" merely means "a denial." *See* Black's Law Dictionary 1345 (5th ed. 1979).

adequate claim for habeas relief on that ground. We must first look to the requirements for asserting an unconstitutional sentence enhancement claim before the state's argument can be addressed.

In order to adequately claim that his Georgia convictions unconstitutionally enhanced his Wisconsin sentence, Lowery must assert that there was a "positive and demonstrable nexus between the current custody and the prior conviction." *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir. 1987), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), *cert. denied,* 484 U.S. 1071, 108 S.Ct. 1040, 98 L.Ed.2d 1004 (1988). In his Amendment to Traverse, Lowery asserted that his "habitual offender status [was] derived primarily from the prior 8–count forgery Georgia convictions." Lowery also alleged in his Amendment to Traverse that "had it not been for the unconstitutional 8–count forgery conviction [he] would not now be serving an additional 30 year sentence." Indeed, the district court itself discussed the sentence enhancement issue, recognizing the pleadings' sufficiency; but the district court dismissed the petition for lack of jurisdiction, and did not, therefore, consider the merits of the issue. Given these circumstances, we conclude that Lowery adequately alleged a "positive and demonstrable nexus" between the enhancement of his Wisconsin sentence and his prior Georgia convictions.

■ Moreover, looking to the record as a whole, *Griswold v. Greer,* 712 F.2d 1200, 1205 (7th Cir.1983) (appellate court must look to entire record in habeas case), we conclude, contrary to the district court's determination, that sufficient evidence does exist that the Georgia convictions were considered, and given some weight, by the Wisconsin sentencing judge. At sentencing, the Wisconsin state judge made the following comments: "September of '81, eight counts of forgery ... the '84 one, forgery, that was in fact eight separate counts ... the number of prior convictions

is 18."[4] Wisconsin law provides that a "repeater" may be given an increased "maximum term" if the maximum sentence for the underlying crime is imposed. A "repeater" is one who "was convicted of a felony during the 5–year period [excluding periods of confinement] immediately preceding the commission of the crime for which he presently is being sentenced...." Wis.Stat.Ann. § 939.62 (West 1982). Lowery's Georgia forgery convictions were his most recent convictions and comprised eight of the eighteen felony convictions the court considered in sentencing him. Since evidence exists that the Wisconsin court took the Georgia convictions into account in sentencing Lowery, we conclude that he has demonstrated the necessary connection between the convictions and his current sentence.

■ Next, we address whether "the Wisconsin federal court [may] entertain the petition against the Wisconsin custodian before Lowery has obtained relief from a court having jurisdiction over the Georgia authorities." This raises the issue of which state has "custody" of Lowery so that he may attack the Georgia convictions. The "in custody" requirement is jurisdictional. *Marks v. Rees,* 715 F.2d 372, 374 (7th Cir.1983). We have concluded that a petitioner is *not* "in custody" in a state where a prior sentence was imposed if the petitioner served the sentence (including parole) and is completely discharged as to the underlying conviction. *Id.* at 374. *See also Maleng,* 109 S.Ct. at 1924–25; *United States v. Keane,* 852 F.2d 199 (7th Cir. 1988); *Hicks v. Duckworth,* 856 F.2d 934, 935 (7th Cir.1988). In the present case, Lowery served and has been discharged from the sentence imposed by the Georgia authorities. He is no longer in custody under the Georgia convictions and that state's authorities have "no interest in [Lowery's] present or future confinement...." *Marks,* 715 F.2d at 374. Further, since Lowery is "in custody" in Wisconsin, the only court with jurisdiction to

---

**4.** The precise prior convictions relied on by the judge in sentencing Lowery were not clearly expressed in the record. However, the parties

agreed to 18 as the number, and it was clear that more than half of these were for forgery.

**1313**

grant the relief requested, *i.e.*, an earlier release from his Wisconsin custodian, is a court with jurisdiction over the Wisconsin custodian. The United States District Court for the Western District of Wisconsin has such jurisdiction.

■ As for the nature of Lowery's *claim* for relief, the petition might be more appropriately considered as a petition for a writ in the nature of error coram nobis. In *United States v. Keane*, 852 F.2d at 200, this court considered a petition filed under 28 U.S.C. § 1651(a), in the nature of coram nobis, where the petitioner who had completely served his sentence wanted to have his sentence vacated due to a change in the law. We said that such a petitioner "must demonstrate that the ... conviction produces lingering disabilities [collateral consequences] ... [and] that the error is the type of defect that would have justified relief during the term of imprisonment." *Id.* at 203. In *Keane*, there was no question as to the appropriateness of the place where the petition was filed, *i.e.*, Illinois, because Keane served his sentence in Illinois.

Here, however, Lowery is currently serving a sentence in Wisconsin, which sentence he claims was increased due to allegedly unconstitutional convictions imposed in Georgia. In *Hicks*, 856 F.2d at 935, a state habeas petitioner sought mandamus from this court after the district court in Indiana transferred the petition to a Nevada district court; the petitioner was "in custody" in Indiana, and had completely served a prior Nevada sentence. We stated that the petitioner "might have brought an action for coram nobis" in Nevada since the Nevada conviction "was having a collateral effect elsewhere, namely Indiana...." *Id.* at 935. But the court did not require dismissal on this ground, concluding that since no party raised the issue, the "availability" of coram nobis did not matter. *Id.* at 935–36. Rather, the court issued the writ of mandamus. Thus, the habeas petition (which sought relief from an allegedly unconstitutional conviction for a sentence that had been fully served) was brought

back to the district court in the state where the petitioner was still in custody.

In the case at bar, Lowery *might* also have brought a petition for a writ in the nature of error coram nobis in Georgia. The fact remains that he did not, and neither he nor the state raise this issue. Thus, while Lowery's claim seeks relief that is "in the nature of coram nobis," this fact, at least under this court's recent pronouncement in *Hicks*, does not affect jurisdiction.

In sum, we conclude that Lowery's petition adequately alleged the sentence enhancement issue and that the district court has jurisdiction to hear the matter. This case, therefore, is REVERSED and REMANDED for further proceedings consistent with this opinion. On remand, the district court may ask for additional briefing by the parties with regard to Lowery's Amendment to Traverse.