William E. CRANK,
Petitioner–Appellant,

v.

Jack R. DUCKWORTH, Warden, and
the Attorney General of Indiana,
Respondents–Appellees.

No. 89–3626.

United States Court of Appeals,
Seventh Circuit.

Submitted June 7, 1990.

Decided June 25, 1990.

Candice A. Lichtenfels, South Bend, Ind., for petitioner-appellant.

Sheila M. Flynn, Asst. Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Statutes that impose stiff penalties on habitual offenders give new weight to old convictions. Because custody directly under these old convictions has ended, 28 U.S.C. § 2254 does not authorize a petition for a writ of habeas corpus seeking release; you can't be released from a sentence that expired by its own terms. *Maleng v. Cook,* —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Yet the validity of the earlier convictions may determine the propriety of the enhancement of the latest sentence. One way to challenge the prior conviction is through a petition for a writ of error coram nobis in the rendering court, arguing that the lingering consequences of the conviction (the enhancement of the subsequent sentence) authorizes a new look at the old judgment. See *Lewis v. United States,* 902 F.2d 576 (7th Cir.1990); *United States v. Bush,* 888 F.2d 1145 (7th Cir. 1989). Another is to attack the latest sentence collaterally, on the ground that custody under it violates the Constitution because of the use of an invalid prior sentence. See *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *Tucker* holds that "misinformation of constitutional magnitude", *id.* at 447, 92 S.Ct. at 592—that is, reliance on an invalid prior conviction—authorizes relief from the current sentence.

William E. Crank maintains that he is in the same position as Tucker: his sentence has been enhanced because of an invalid prior conviction. In 1974 Crank was convicted in an Indiana court of second degree burglary; in 1981 Indiana convicted him of two counts of battery. Crank's sentence on the 1981 conviction was eight years, plus another thirty because of his prior conviction. Crank filed this petition under § 2254, arguing that his 1974 conviction is invalid because counsel furnished defective assistance—particularly, did not appeal or secure his consent to forego an appeal. Crank wants the same relief afforded to Tucker: a new sentence uninfluenced by the prior conviction. The difference is that before Tucker filed his petition under § 2255, he secured orders nullifying the prior convictions. Crank wants the court

with jurisdiction of his current custodian to inquire into the validity of a different court's conviction. The district judge held that *Maleng* prevents that inquiry, because "custody" under a sentence—the foundation for collateral attack under § 2254—ends when the sentence ends.

Although the district court did not spell this out, the implication is that Crank's only recourse is to seek a writ of error coram nobis vacating the 1974 conviction and return, writ in hand, to obtain collateral relief from the 1981 conviction on the theory of *Tucker*. Recurring to the jurisdiction that imposed the original penalty is a sound way to proceed. See *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). Judges need the records that are available in the original forum; lawyers from the original case also may be found there. If Crank's 1974 conviction had been in a court of New York, for example, that state might seek to defend the conviction (perhaps to ensure that it could enhance a later conviction in its own courts), and litigation in which a federal court in Indiana attempts to determine the validity of a New York conviction without the participation of officials from New York would create problems of federalism independent of the "custody" requirement in § 2254.

■ A few days after the district court dismissed Crank's petition, we concluded that a return to the place of the original conviction is not the exclusive way to proceed. *Lowery v. Young*, 887 F.2d 1309 (7th Cir.1989), holds that a federal court has jurisdiction under § 2254 to order a state to resentence a prisoner free of any effect of an earlier conviction in another jurisdiction. (Lowery was a prisoner of Wisconsin; his prior conviction was in Georgia.) We did not decide in *Lowery* whether the federal court could invalidate the prior conviction for all purposes or only for the purpose of the particular sentence then being served, an important distinction if the state rendering the original judgment retains an interest in its validity. It is difficult to see how the original judgment could be set aside for purposes of civil disabilities and sentence enhancements in the rendering state without giving that state notice and an opportunity to defend its handiwork. But that question need not detain us, for both the 1974 judgment and the 1981 judgment were returned in Indiana. Crank's custodian can defend both in the name of Indiana; indeed, the Attorney General of Indiana has been named as a respondent.

■ Indiana asks us to overrule *Lowery* on the ground that it is inconsistent with *Maleng*. *Maleng* holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" *on sentence* A, the Court concluded. *Lowery* holds that a person in custody on sentence B may contend that *that* custody violates the Constitution if it was augmented because of an invalid sentence A. There is no conflict between these holdings. The "custody" question in *Lowery* is identical to the "custody" question in *Tucker*, which *Maleng* reaffirmed, 109 S.Ct. at 1927. Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A is a matter of comity and the rules of preclusion, not of "custody".

That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid. To obtain relief under § 2254 the prisoner must show that his *current* confinement violates the Constitution or laws of the United States. That will be so only if the prior judgments not only are invalid but also were used to augment the current one. *Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir.1989). Prudence counsels answering the causation question first. *Lowery* holds that the prisoner must establish a "positive and demonstrable nexus between the current custody and the prior conviction", 887 F.2d at 1312, quoting from *Young v. Lynaugh*, 821 F.2d 1133, 1137 (5th Cir.1987). Such a link may be hard to show when the sentencing judge knows about the prior conviction but does not expressly augment the sentence on ac-

count of it. Crank faces no such hurdle. He was sentenced under a recidivist statute to an additional 30 years, time the state could not have imposed but for the 1974 conviction. So the causation requirement has been met. Because Crank is "in custody" on a sentence that may have been enhanced in violation of *Tucker*, the district court must decide whether the 1974 conviction is constitutionally valid.

VACATED AND REMANDED.