Joel CLAY, Petitioner/Appellant,

v.

Robert BRONNENBERG and Indiana Attorney General, Respondents/Appellees.

No. 90–1320.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1991.

Decided Dec. 10, 1991.

As Corrected Dec. 20, 1991.

Ginamarie A. Gaudio (argued), Williams & Montgomery, Chicago, Ill. and Thomas Broden, Notre Dame, Ind., for petitioner/appellant.

Wayne E. Uhl, Deputy Atty. Gen. (argued), Office of the Atty. Gen., Federal Litigation, Indianapolis, Ind., for respondents/appellees.

Before BAUER, Chief Judge, CUMMINGS and WOOD, Jr., Circuit Judges.

PER CURIAM.

Petitioner–Appellant Joel Clay appeals from the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The district court dismissed Clay's petition for lack of subject-matter

jurisdiction. We vacate the dismissal of Clay's petition and remand the case for further proceedings consistent with this opinion.

## BACKGROUND

In 1977, Clay was convicted of second degree burglary in an Indiana court and sentenced to two to five years' imprisonment. In 1985, Indiana again convicted him of second degree burglary. Clay's sentence on the 1985 conviction was two years, plus another thirty, in part, because of his 1977 conviction.[1] See Indiana's Habitual Offender Statute Ind.Code § 35–50–2–8. Clay is presently incarcerated in an Indiana state prison.

On November 11, 1989, Clay filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his 1977 conviction on the grounds that his guilty plea was involuntary and that he received ineffective assistance of trial counsel. Indiana moved to dismiss the petition, arguing that Clay was not "in custody" as to the 1977 conviction because that sentence expired in 1982. Clay then filed a "Traverse" in support of his section 2254 petition. On January 11, 1990, Clay filed "Petitioner's Response to the State's Motion to Dismiss," declaring for the first time that his 1985 sentence was enhanced by the allegedly unconstitutional 1977 burglary conviction. Thereafter, without the benefit of a response from Indiana, the district court dismissed Clay's petition because it found that he was not "in custody" on his 1977 conviction.

## ANALYSIS

### 1. Custody

■ On appeal, Indiana recognizes that Clay's petition intended to challenge his thirty-year habitual offender sentence, which he is currently serving.[2] Indiana also acknowledges that Clay is "in custody" pursuant to his 1985 sentence. See *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991) ("when sentence **A** has expired but has been used to augment sentence **B,** the prisoner is "in custody" only on sentence **B,**" but the prisoner "may contend that that custody violates the Constitution if it was augmented because of an invalid sentence **A**"); *Lowery v. Young,* 887 F.2d 1309, 1312–13 (7th Cir.1989). Further, Indiana recognizes that there is clear Seventh Circuit precedent which permits the district court to consider the constitutionality of Clay's expired 1977 conviction. See *Crank,* 905 F.2d at 1092 (requiring the district court to determine the constitutionality of an expired sentence because that sentence was used to enhance petitioner's current sentence).

■ Despite these concessions, Indiana asks this court to overrule its very recent decision in *Crank.* Indiana argues that allowing the district court to consider the constitutional validity of stale, expired convictions is directly contrary to the Supreme Court's interests in comity and finality as recently reiterated in *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). This court rejected a similar challenge in *Crank,* 905 F.2d at 1091. In *Crank,* this court declined to overrule its holding in *Lowery,* 887 F.2d at 1313, that a "federal court has jurisdiction under § 2254 to order a state to resentence a prisoner free of any effect of an earlier

---

1. In 1979, Clay was convicted of forgery in an Indiana court. The record indicates that Indiana also used this conviction for enhancement of his 1985 conviction. Clay challenged the forgery conviction in a prior section 2254 petition, which the district court also dismissed for lack of subject-matter jurisdiction. The dismissal of that petition is not the subject of the present appeal.

2. Despite the fact that Clay's section 2254 petition only challenged the constitutionality of his 1977 conviction, his petition, when taken together with his other submissions to the district court, sufficiently raised the issue of the constitutionality of his current confinement. See *Lowery v. Young,* 887 F.2d 1309, 1311 (7th Cir. 1989) (prisoner's petition adequately alleged an unconstitutional enhancement claim even though it only mentioned his prior conviction because his submissions to the district court demonstrated the required nexus between his prior conviction and his current confinement).

conviction in another jurisdiction." In so doing, this court considered the interests of finality and comity as well as the costs of allowing federal review of expired state convictions. *Crank*, 905 F.2d at 1091–92. This court concluded that requiring the prisoner to show that his present confinement is unconstitutional (*e.g.*, prisoner must show that "his prior judgments not only are invalid but also [that they] were used to augment the current one") adequately recognizes interests in finality and comity. *Id.* at 1091. Moreover, we can discern nothing in the reasoning of *McCleskey* which would lead this court to question the validity of *Crank*. We once again decline Indiana's invitation to overrule this court's holdings in *Lowery* and *Crank*. Accordingly, we vacate the district court's dismissal of Clay's petition and remand to the district court.

### 2. Exhaustion

▇ Even though Indiana concedes that the district court erroneously dismissed Clay's petition for lack of jurisdiction, it argues that the district court should be upheld because Clay has failed to demonstrate that he exhausted his state court remedies on his current confinement. Indiana also raises the issue of procedural default.[3]

The record is devoid of information concerning exhaustion or default because the district court dismissed the petition for lack of jurisdiction without addressing these issues. We recognize Indiana's interest in not being foreclosed from arguing such threshold issues on remand. We also are aware of the threat of piecemeal habeas litigation in the habitual offender context. *Cf. United States v. Kovic*, 830 F.2d 680, 683 (7th Cir.1987) (discussing the presumption against piecemeal litigation in federal habeas corpus proceedings). Indeed, the policies behind such doctrines as abuse of the writ, *McCleskey*, —— U.S. ——, 111 S.Ct. 1454, procedural default, *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and exhaustion,

*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), are designed to discourage the piecemeal litigation of habeas claims. Accordingly, on remand, the district court should consider any threshold issues properly raised by Indiana.

### CONCLUSION

For the above stated reasons, the district court's order dismissing the petition is reversed and remanded for further proceedings consistent with this opinion. Circuit Rule 36 shall not apply.

---

**3.** In its appellate brief, Indiana notes that Clay's ineffective assistance of counsel claim was prob-ably defaulted by his failure to raise it in his first state post-conviction petition.