**Ronald A. KEITH, Sr., Petitioner,**

v.

**Gary McCAUGHTRY, Respondent.**

No. 91–C–612.

United States District Court,
E.D. Wisconsin.

Feb. 12, 1992.

---

Seymour Gimbel, Milwaukee, Wis., for petitioner.

James E. Doyle, Atty. Gen., by Marguerite M. Moeller, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

By decision and order of July 22, 1991, the court granted the petitioner, Ronald Keith, currently incarcerated at the Waupun Correctional Institution, leave to proceed with his in forma pauperis petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254. *See also* 28 U.S.C. § 1915.

However, in its decision and order, the court noted that Mr. Keith had completed his 40–month sentence of imprisonment for the January 27, 1984, state court judgment of conviction challenged in this petition. Accordingly, the court requested that the respondent address the question of whether Mr. Keith is presently "in custody" pursuant to that judgment of conviction. In response, the respondent has filed a motion to dismiss the petition for lack of subject-matter jurisdiction on that ground. The motion will be granted.

### I.

#### A.

■ Section 2254(a) states that "a district court shall entertain a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is jurisdictional. *See Maleng v. Cook,* 490 U.S. 488, 494, 109 S.Ct.

1923, 1927, 104 L.Ed.2d 540 (1989); *Marks v. Rees,* 715 F.2d 372, 374 (7th Cir.1983).

The court of appeals for the seventh circuit has explained that the "in custody" requirement contains a causation element:

> That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid. To obtain relief under § 2254 the prisoner must show that his *current* confinement violates the Constitution or laws of the United States. That will be so only if the prior judgments not only are invalid but also were used to augment the current one.

*Crank v. Duckworth,* 905 F.2d 1090 (7th Cir.1990) (emphasis in original) (Easterbrook, J.).

■ Accordingly, prisoners who wish to "rummage through old judgments" in an attempt to secure the writ of habeas corpus must identify a "positive and demonstrable nexus between the current custody and the prior conviction." *Lowery v. Young,* 887 F.2d 1309, 1312 (7th Cir.1989) (quoting *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.1987), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1988)). *See also Crank,* 905 F.2d at 1091. Only those prisoners who establish a causal link between the conviction they challenge and their present custodial status are deemed to be "in custody" for purposes of subject matter jurisdiction under 28 U.S.C. § 2254. *See Lowery,* 887 F.2d at 1311–13 (district court had jurisdiction to consider habeas corpus petition relating to a prior conviction for which the petitioner was no longer in custody where that conviction was used to enhance a subsequent prison sentence that the petitioner was then serving). *See also Maleng,* 490 U.S. at 492–93, 109 S.Ct. at 1926 (evaluating the "in custody" requirement).

The requisite causal link has been found where "sufficient evidence" existed in the record to demonstrate that the prior convictions "were considered, and given some weight, by" the sentencing judge. *See Lowery,* 887 F.2d at 1312. Nevertheless, it has been acknowledged that "[s]uch a link

may be hard to show when the sentencing judge knows about the prior conviction but does not expressly augment the sentence on account of it." *Crank*, 905 F.2d at 1091–92.

**B.**

Mr. Keith's lengthy petition states that he was convicted of three counts of second degree sexual assault on January 24, 1984, and sentenced to 40 months in prison. The petition offers some eleven grounds of challenge to the judgment of conviction, which are not relevant to the present motion. Suffice it to say that Mr. Keith's petition reflects his dissatisfaction with the consequences of his having been convicted in 1984 in Dane County Circuit Court of the sexual assault of one or more young boys. When it ruled upon Mr. Keith's request for leave to proceed in forma pauperis, the court determined that his contentions translate, at least arguably, into more than merely colorable violations of his rights under the fifth and sixth amendments of the constitution.

In support of the motion to dismiss for want of subject matter jurisdiction, the respondent has proffered several exhibits in an attempt to demonstrate that Mr. Keith is not "in custody" pursuant to the judgment of conviction that he seeks to challenge in this petition. These exhibits establish that Mr. Keith's assertion that he was convicted of three counts of second-degree sexual assault and sentenced to 40 months of imprisonment on January 24, 1984, is incorrect. *Compare* Respondent's Exhibits A–D *with* Petition at 2, 7. The exhibits also call into question Mr. Keith's cryptic assertion that he "received a concurrent sentence of 50–months with 5–years probation which was revoked and [he] received a 10–yr. sentence on that" in connection with the conviction he challenges in this petition. (There is no dispute that Mr. Keith is now "in custody" pursuant to the ten-year sentence at the Waupun Correctional Institution.)

The exhibits demonstrate that Mr. Keith was convicted of a *single* count of second degree sexual assault, for which he was sentenced to 40 months imprisonment on January 27, 1984. *See* Respondent's Exhibit A (judgment of conviction). It is true that there were other judgments of conviction: On March 8, 1984, Mr. Keith was convicted of one count of first degree sexual assault, for which he was sentenced to 50 months imprisonment, and one count of second degree sexual assault, for which he was sentenced to five years probation. *See* Respondent's Exhibits C and D. However, because Mr. Keith challenged the March 8, 1984, convictions in a *separate* habeas corpus petition, they are of only peripheral importance here. *See Keith v. McCaughtry,* (E.D.Wis. filed March 6, 1991). At all events, that challenge was unsuccessful; the petition was dismissed by decision and order of September 25, 1991, *see* 775 F.Supp. 290 (E.D.Wis.1991) (Gordon, J.).

I find that it is the single January 27, 1984, conviction that Mr. Keith is challenging in his present petition. The exhibits demonstrate that Mr. Keith was discharged from the prison term relating to that conviction on September 13, 1987 (about 43 months later). *See* Respondent's Exhibit B. Mr. Keith concedes this much—that he has already completed the sentence imposed pursuant to the challenged conviction—in his petition. *See* Petition at 7.

Armed with this concession, the respondent suggests that while Mr. Keith *is* "in custody" for *some* reason, he is not "in custody" as a result of the January 27, 1984, conviction that he purports to challenge in his present habeas corpus petition.

**C.**

 It is fair to say that Mr. Keith has undertaken to "rummage through" his old judgments of conviction. Having so undertaken, Mr. Keith is obligated to identify a "positive and demonstrable nexus between the current custody and the prior conviction" in order to establish subject matter jurisdiction pursuant to 28 U.S.C. § 2254. *See Lowery*, 887 F.2d at 1312; *Crank*, 905 F.2d at 1091. Specifically, Mr. Keith is obligated to demonstrate that his challenged January 27, 1984, conviction was considered and given some weight by the

sentencing judge when his present sentence was imposed. *See Lowery,* 887 F.2d at 1312; *cf. Crank,* 905 F.2d at 1092 (causation must be established).

In response to the respondent's motion to dismiss, Mr. Keith has proffered a transcript of the March 8, 1984, sentencing hearing. A review of the hearing transcript and other exhibits establishes the following: (1) that on January 27, 1984, Mr. Keith received a 40-month sentence for second-degree sexual assault; and (2) that on March 8, 1984, Mr. Keith received only a slightly longer sentence—50 months—for *first*-degree sexual assault, and a five-year term of probation (to follow the 50-month sentence of imprisonment) for yet another second-degree sexual assault. The transcript readily demonstrates that the sentencing judge was made aware of the January 27, 1984, conviction at the sentencing hearing. Transcript of March 8, 1984, Sentencing Hearing at 2. However, nowhere in the transcript is there any basis for a suggestion that the sentencing judge enhanced or augmented Mr. Keith's sentence as a result of the January 27, 1984, conviction.

To the contrary, the evidence suggests that the January 27, 1984, second-degree sexual assault conviction was rendered nugatory by the sentencing judge's subsequent decision to impose a *concurrent* sentence for Mr. Keith's March 8, 1984, first-degree sexual assault conviction. *See generally* Transcript of March 8, 1984, Sentencing Hearing at 12–13 (judge accepts plea agreement and recommendation). Notably, the sentencing judge expressed a specific intention to make certain that these sentences were "concurrent" to the full extent possible. The judge made clear that the 50-month sentence he imposed on Mr. Keith would be determined to have commenced on the date the 40-month sentence for the earlier conviction had. He further made clear that Mr. Keith would obtain the benefit of all sentence credits he had accrued in connection with the earlier conviction. *See* Transcript of March 8, 1984, Sentencing Hearing at 13. Those were the only references to the conviction

that Mr. Keith challenges in the present petition.

Mr. Keith is now "in custody" because he violated the terms of his probation in connection with the March 8, 1984, conviction. Notably, neither Mr. Keith nor the respondent has provided the court with the transcript of proceedings, if any, when Mr. Keith's probation was revoked and he was sentenced to the ten-year term he is now serving. However, at the March 8, 1984, sentencing hearing, the judge—without *any* implicit or explicit reference to the January 27, 1984, conviction—cautioned Mr. Keith that he faced that ten-year sentence if he violated the terms of his probation. *See* Transcript of March 8, 1984, Sentencing Hearing at 6.

█ Upon a review of the evidence, the court is satisfied that the sentencing judge gave the January 27, 1984, conviction no weight. Thus, Mr. Keith has failed to establish a "positive and demonstrable nexus" between his present custodial status and his January 27, 1984, conviction. Absent the requisite causal link, the court is satisfied that the sentence imposed for the conviction that Mr. Keith now challenges had "fully expired" at the time his petition was filed, *see Maleng,* 490 U.S. at 491, 109 S.Ct. at 1925.

Accordingly, the court is convinced that Mr. Keith is not presently "in custody" pursuant to the January 27, 1984, conviction for purposes of 28 U.S.C. § 2254. The petition for a writ of habeas corpus will be dismissed for want of subject matter jurisdiction.

## II.

The court thanks Attorney Seymour Gimbel for accepting the appointment to represent Mr. Keith, an indigent, in this action. Mr. Gimbel is requested to file his petition for fees and for reimbursement of the expenses incurred in the preparation and presentation of the action.

## . ORDER

Therefore, IT IS ORDERED that the respondent's motion to dismiss Mr. Keith's

petition for want of subject matter jurisdiction be and hereby is granted.

IT IS ALSO ORDERED that Mr. Keith's petition be and hereby is dismissed, with prejudice.