972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David W. HALL, Petitioner-Appellant,
v.
Denise SPEARS, Respondent-Appellee.
 No. 92-6164.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hall, an Oklahoma State inmate, appeals the dismissal of his pro se petition for habeas relief. We grant permission for Mr. Hall to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Hall, in June 1990, entered guilty pleas in Oklahoma to several counts of sexual offenses and a firearm charge, all after conviction of a former felony. The prior conviction took place in the State of Iowa, and it was this conviction that resulted in an enhancement of his Oklahoma sentences, which were ten years each to run concurrently.
 
 
 4
 Mr. Hall, in his pro se petition, claimed his guilty plea to some of the Oklahoma convictions was not knowingly and voluntarily entered as the prior Iowa conviction used to enhance his Oklahoma sentence was invalid. Mr. Hall asserted in a conclusory fashion that the Iowa conviction was coerced, was a product of ineffective assistance of counsel, was a product of the Iowa court's failure to advise him of his rights, and was accomplished without a competency hearing.
 
 
 5
 Mr. Hall pursued his remedies in the Oklahoma courts, which held: (1) the proper method of attacking a former conviction is in the state imposing the conviction, i.e., Iowa; and (2) Mr. Hall failed to adequately explain his failure to directly appeal the Iowa conviction and he was therefore procedurally barred from presenting this claim to the Oklahoma courts. However, the Oklahoma courts stated Mr. Hall could again come before them and receive relief if he successfully challenged his Iowa conviction in the Iowa courts.
 
 
 6
 The bottom line is that no state court has addressed the merits of Mr. Hall's claims concerning his Iowa conviction. To make this situation more interesting, the State of Oklahoma failed to raise the issue of exhaustion and instead conceded Mr. Hall had exhausted his state remedies. Mr. Hall alleged he had no Iowa trial court records to support his claim.
 
 
 7
 The district court dismissed Mr. Hall's petition without prejudice until Mr. Hall properly challenged his Iowa conviction in the Iowa courts.[1] The district court reasoned that as Iowa has all of the court records, it is in a better position to hear and weigh any evidence bearing on the validity of the Iowa conviction and is better equipped to apply Iowa law.
 
 
 8
 In his pro se appeal of this decision, Mr. Hall raises the same six arguments raised in the district court, i.e., the Iowa conviction is constitutionally invalid, and asserts he is attacking the Oklahoma sentence that was enhanced by the invalid Iowa conviction. The State of Oklahoma has elected not to respond.[2]
 
 
 9
 28 U.S.C. § 2254(b) provides that an application for habeas shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." The question we must answer is which state: the state imposing the enhanced sentence, or the state where the conviction arose which gives rise to the enhanced sentence?
 
 
 10
 The exhaustion doctrine is designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. It is therefore improper to upset a state court conviction without any opportunity to the state court to correct an alleged constitutional violation. In the case before us, it would be equally improper for either an Oklahoma court or a federal court to upset an Iowa conviction without first extending to Iowa the opportunity to correct any alleged constitutional violations. We therefore hold that when a conviction is attacked under 28 U.S.C. § 2254, the petitioner attacking the conviction must first exhaust available remedies in the state of conviction or bring himself within one of the exceptions to the exhaustion rule. Mr. Hall has done neither.
 
 
 11
 Mr. Hall misperceives the "in custody" requirement and argues the federal district court has jurisdiction as he is "in custody" because of the Iowa conviction's use in enhancing his Oklahoma sentence. Mr. Hall cites Maleng v. Cook, 490 U.S. 488 (1989); Gamble v. Parsons, 898 F.2d 117 (10th Cir.), cert. denied, 111 S.Ct. 212 (1990); and Lowery v. Young, 887 F.2d 1309 (7th Cir.1989). All three cases hold a state prisoner is in custody when another state has imposed a conviction used to enhance petitioner's present sentence. Mr. Hall is indeed "in custody"; however, this does not excuse him from the requirement of exhausting his remedies in the state imposing the conviction he now challenges. The "in custody" requirement is basically jurisdictional while the exhaustion requirement is founded upon principles of comity.
 
 
 12
 Mr. Hall must exhaust his state remedies by first challenging his Iowa conviction in the Iowa courts, then the Oklahoma courts and the federal courts become available for Mr. Hall to pursue his remedy.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court dismissed until Mr. Hall "successfully challenged" the prior conviction in the Iowa courts. We assume the word "successfully" was inadvertently used to mean allowing the Iowa courts an opportunity to review Mr. Hall's claims
 
 
 [2]
 States undoubtedly save time and money in electing this course of action. In so doing, the state shifts its burden of examining the other side of the coin to this Court. Oklahoma's position before the trial court was that Mr. Hall's petition was an attempt to appeal the prior Iowa conviction and an assertion that the district court lacked jurisdiction. We simply note this Court always appreciates a response by the state