30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herman C. BERNARD, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 92-3424.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 14, 1994.
Decided July 26, 1994.
 
 Before POSNER, Chief Judge, CUDAHY, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Herman C. Bernard filed a petition for a writ of habeas corpus challenging the constitutionality of an Indiana habitual offender sentencing enhancement. The district court denied Bernard's Sec. 2254 petition. We affirm.
 
 I. FACTS
 
 2
 Bernard pleaded guilty in 1973 to possession of stolen goods in violation of Indiana's former Offenses Against Property Act.[1] In 1986, Bernard was convicted in a separate case of theft and resisting arrest. The sentencing court used Bernard's 1973 conviction as one of the two prior unrelated felony convictions necessary to support an habitual offender enhancement and sentenced him to 32 years in prison.[2] In an attempt to defeat this enhancement, Bernard sought state post-conviction relief from his 1973 theft conviction. The Indiana post-conviction trial court denied his request for relief, the Indiana Court of Appeals affirmed the denial of relief, and the Indiana Supreme Court denied transfer.
 
 
 3
 Following exhaustion of the state post-conviction review, Bernard filed a petition under 28 U.S.C. Sec. 2254 in district court claiming that his 1973 plea was not voluntarily, intelligently and knowingly entered. Initially, the district court dismissed Bernard's petition based on its determination that it lacked jurisdiction. The district court reasoned that jurisdiction was absent because Bernard was not "in custody" for purposes of Sec. 2254 with respect to the expired 1973 sentence. This court reversed and remanded based on Lowery v. Young, 997 F.2d 1309 (7th Cir.1989) (holding that where a positive and demonstrable nexus exists between the current custody and the prior conviction--such as is present in a recidivism proceeding--the district court that has jurisdiction over the petitioner's current custodian also has jurisdiction to review the prior conviction). On remand, the district court determined that Bernard's 1973 plea was not constitutionally defective, and denied relief.
 
 II. ANALYSIS
 
 4
 The enhanced sentence which Bernard is currently serving satisfies the "in custody" requirement of Sec. 2254, even though the sentence which resulted from the challenged 1973 conviction has long since expired, because a "positive and demonstrable nexus exists between the current custody and the prior conviction." Lowery v. Young, 887 F.2d 1309, 1312-13 (7th Cir.1989) (citing Young v. Lynaugh, 821 F.2d 1133, 1137 (5th Cir.1987)); See also United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592 (1972) (holding that "misinformation of constitutional magnitude" authorizes relief from the current sentence); Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, 498 U.S. 1040 (1991); Clay v. Bronnenberg, 950 F.2d 486, 487 (7th Cir.1991) (per curiam). It is also evident that Bernard exhausted his state remedies, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982), and that the state courts resolved the federal claims on the merits. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991). Thus, no jurisdictional barriers exists to prevent review of this petition.[3]
 
 
 5
 The governing standard for evaluating whether a guilty plea is constitutional under Boykin is a question of federal law. Marshall v. Lonberger, 459 U.S. 422, 431, 103 S.Ct. 843, 849 (1983). On review of a district court's denial of a petition for a writ of habeas corpus, such legal questions are reviewed de novo. Montgomery v. Greer, 956 F.2d 677, 680 (7th Cir.), cert. denied, 113 S.Ct. 460 (1992); Matta-Ballesteros v. Henman, 896 F.2d 255, 258 (7th Cir.) cert. denied, 111 S.Ct. 209 (1990). The state court's factual determinations, however, are presumed correct so long as they are fairly supported by the record. 28 U.S.C. Sec. 2254(d); Cuppett v. Duckworth, 8 F.3d 1132, 1141 (7th Cir.1993) (en banc) (citing Lewis v. Huch, 964 F.2d 670, 671 (7th Cir.1992)). This presumption of correctness extends to the factual determinations made by both state trial and appellate courts. Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (per curiam); Cuppett, 8 F.3d at 1141.
 
 
 6
 Added to this presumption of correctness for state factual findings is a presumption of regularity extended to final judgments, even those that raise the question of a waiver of constitutional rights. Parke v. Raley, 113 S.Ct. 517, 523 (1993). This presumption of regularity shifts the burden to a defendant to provide evidence of the judgment's invalidity once the state has invoked the presumption by proving the existence of the judgment. Id.
 
 
 7
 Bernard argues that his 1973 guilty plea was not voluntarily, knowingly and intelligently entered within the meaning of Boykin v. Alabama, 395 U.S. 238 (1969), because he mistakenly believed that he was pleading guilty to a misdemeanor and not a felony. Bernard contends that he would not have pleaded guilty if he had known that the crime was a felony, and that his lack of knowledge rendered his plea unknowing and involuntary.
 
 
 8
 A guilty plea is not knowing and voluntary unless the accused has received "real notice of the charge against him." Marshall v. Lonberger, 459 U.S. 422, 431, 103 S.Ct. 843, 849 (1983) (quoting Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)). Without such notice the defendant's decision cannot represent "a voluntary and intelligent choice among alternative courses of action open to the defendant." See North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970). For a guilty plea to be knowing, the defendant must understand the charges; for the plea to be voluntary the defendant must be fully aware of the direct consequences of the plea. Brady v. United States, 397 U.S. 742, 755-56 (1970). A guilty plea is not rendered invalid, however, by reason of a court's failure to inform the defendant of the collateral consequences of the plea. Lewis v. United States, 902 F.2d 576 (7th Cir.1990), cert. denied, 498 U.S. 875 (1990).
 
 
 9
 The Indiana post-conviction courts found that Bernard had been given notice of the nature of the charge against him. The state record shows that the charging information stated that Bernard acted "feloniously," and that the charge, including the "felonious" language, was read to Bernard during his plea hearing. Further, Bernard acknowledged in open court, and in writing, the direct consequences of his plea, namely that the sentence range for the offense was from one to ten years. Based on these facts, the state courts found that Bernard knew that he was pleading guilty to a felony. Because this factual determination is fairly supported by the record, it was entitled to a presumption of correctness, 28 U.S.C. Sec. 2254(d), and by reason of the state court's establishing the existence of the 1973 conviction, that conviction itself was entitled to a presumption of regularity. Parke, 113 S.Ct. at 523.
 
 
 10
 Bernard attempts to rebut these presumptions by arguing that the court's discussion of his proposed place of incarceration at his 1973 sentencing--county jail versus state prison--misled him into believing that he was pleading guilty to a misdemeanor. The district court rejected these arguments finding itself in full agreement with the state court's determination that Bernard knew he was pleading guilty to a felony in 1973. The district court made an independent examination of the state record under Miller v. Fenton, 474 U.S. 104, 106 S.Ct. 445 (1985), to determine the legal question of whether, given the facts as the state court established them, Bernard's 1973 plea passed constitutional muster. Relying on the state factual findings, the district court found that Bernard's 1973 was not constitutionally infirm, and denied habeas relief.
 
 III. CONCLUSION
 
 11
 We agree that the state court's determination that Bernard knew that he was pleading guilty to a felony in 1973 was entitled to a presumption of correctness, and that Bernard failed to offer sufficient evidence to rebut this presumption. Therefore, we accept that Bernard knew he was pleading guilty to a felony in 1973, and based on this fact, conclude that his plea satisfied the requirements of Boykin and Brady. Accordingly, Sec. 2254 provides no basis for relief from petitioner's sentence as an habitual offender, and the district court's denial Bernard's petition is affirmed.
 
 
 
 [1]
 Formerly Ind.Code Sec. 35-17-5-3, repealed and recodified at IC Sec. 35-43-4-2
 
 
 [2]
 The Indiana habitual offender sentencing enhancement states, in pertinent part, that "[T]he state may seek to have a person sentenced as a habitual offender for any felony by alleging ... that the person has accumulated two (2) prior unrelated felony convictions. IC Sec. 35-50-2-8(a)
 
 
 [3]
 While a writ of error coram nobis may be a preferable way to challenge an allegedly constitutionally deficient conviction used to enhance a later sentence, see Cuppett v. Duckworth, 8 F.3d 1132, 1146-47 (7th Cir.1993) (en banc) (Easterbrook, J., concurring) (stating that timely return to the rendering court for purposes of attacking a conviction "has significant benefits"), a properly predicated Sec. 2254 petition is not an impermissible means of obtaining review. Lowery v. Young, 887 F.2d 1309, 1312-13 (7th Cir.1989); but cf. Lewis v. United States, 902 F.2d 576, 577 (7th Cir.1990) (holding that the writ of error coram nobis rather than a petition under Sec. 2255 is the appropriate way to challenge a federal conviction used as a basis for an habitual offender finding), cert. denied, 498 U.S. 875 (1990)