85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerome W. MAFFETT, Petitioner-Appellant,
v.
Al C. PARKE** and Attorney General of the
State of Indiana, Respondents-Appellees.
 No. 95-3142.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided May 9, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 An Indiana state court jury, on April 15, 1992, convicted Jerome W. Maffett of battery and involuntary manslaughter. Based on subsequent evidence, the jury also found by special verdict that Maffett had at least two prior unrelated felony convictions and thus found him to be an habitual offender under Ind. Code § 35-50-2-8. The record of prior felonies included a 1980 conviction in Kentucky for robbery, two 1986 convictions for battery and a 1990 conviction for driving while intoxicated. Maffett received concurrent seven-year sentences for the battery and manslaughter convictions, and a mandatory thirty-year consecutive sentence under the habitual offender statute.
 
 
 2
 On direct appeal Maffett, inter alia, challenged his habitual offender sentence asserting that the 1986 battery convictions in Vanderburg County, Indiana, were constitutionally invalid and therefore could not be used as predicate offenses to enhance his sentence. The Indiana Court of Appeals rejected that claim and in March of 1994 affirmed his convictions and sentence.
 
 
 3
 In 1993, at the same time he was pursuing his direct appeal in Indiana, Maffett sought to vacate his 1980 robbery conviction in Kentucky alleging that the guilty plea he had entered in that case also was constitutionally invalid. The Davies County, Kentucky, trial court denied his postconviction motion and that decision was affirmed by the Kentucky Court of Appeals on January 27, 1995.
 
 
 4
 Shortly thereafter, in February of 1995, Maffett filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Indiana. Maffett asserted in federal court that the State of Indiana was improperly holding him in custody because his habitual offender sentence was predicated upon a constitutionally invalid prior conviction in Kentucky. Maleng v. Cook, 490 U.S. 488, 493 (1989); Clay v. Bronnenberg, 950 F.2d 486, 487 n. 2 (7th Cir.1991). According to Maffett, the trial court in the Kentucky case violated the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), by failing to give him the proper advice of rights before accepting his guilty plea.
 
 
 5
 However, as the respondent points out, even if Maffett's Kentucky conviction is defective, Maffett is left with at least two[1] other predicate felony convictions. Maffett did not claim in the district court nor does he on appeal that either the 1986 battery convictions or the 1990 driving while intoxicated conviction were obtained in violation of the Constitution. Those two convictions were sufficient to support a determination that Maffett qualified as an habitual offender. Ind. Code § 35-50-2-8(b).
 
 
 6
 Thus, there is no constitutional infirmity in Maffett's habitual offender sentence based on predicate convictions, and hence, no basis for habeas corpus relief.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Pursuant to Fed.R.App.P. 43(c), Al C. Parke is substituted for Herbert Newkirk as Respondent
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 At Maffett's sentencing hearing on the habitual offender count, the prosecution and defense agreed--and the court held--that the two 1986 battery convictions were related, and hence counted as a single predicate conviction for the purpose of Indiana's habitual offender status