**James E. LOWERY, Petitioner–Appellant,**

v.

**Gary R. McCAUGHTRY, Warden, Waupun Correctional Institution, Respondent–Appellee.**

**No. 90–2659.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 1991.

Decided Jan. 17, 1992.

Allen E. Shoenberger, Judy Koeler (argued), Loyola Law School, Chicago, Ill., for petitioner-appellant.

William L. Gansner, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Now making its second appearance in this court, James Lowery's quest for a writ of habeas corpus poses a question about exhaustion of state remedies. Lowery is serving time in Wisconsin for offenses committed there. He does not challenge the conviction but does contest the augmentation of the sentence on the basis of prior convictions in Georgia. These convictions, Lowery insists, are constitutionally infirm. The details of the convictions and Lowery's challenge to them do not matter.

Last time around, we held that Lowery's custodian in Wisconsin is the proper respondent in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Lowery v. Young,* 887 F.2d 1309 (1989). Accord, *Clay v. Bronnenberg,* 950 F.2d 486 (7th Cir.1991); *Crank v. Duckworth,* 905 F.2d 1090 (7th Cir.1990). We observed that Lowery could seek a writ of error coram nobis in Georgia, using that writ (if the court accepted his contentions) as the foundation for a claim in Wisconsin. 887 F.2d at 1313. It turns out that Georgia has abolished the writ of error coram nobis. *Waye v. State,* 239 Ga. 871, 238 S.E.2d 923 (1977). On remand the district judge rebuffed Lowery's effort to obtain from federal court a writ in the nature of coram nobis. The judge concluded that Wisconsin's courts are open to the sorts of arguments Lowery presents and dismissed the petition, without prejudice, for failure to exhaust state remedies.

We may dispose at once of Lowery's contention that a federal court may issue a

writ in the nature of coram nobis annulling the Georgia convictions. Lowery does not inform us how he proposes to obtain personal jurisdiction, in the Western District of Wisconsin, over any official of Georgia. What is more, *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), tells us that a person serving in State A a sentence enhanced because of prior convictions in State B is not "in custody" in State B. Jurisdiction under § 2254 depends on "custody." Lowery is not in Georgia's "custody" as *Maleng* defines that term. It would be an abuse to invoke the All Writs Act, 28 U.S.C. § 1651(a), to evade *Maleng*.

Section 1651(a) authorizes courts to issue writs "agreeable to the usages and principles of law"—traditional writs that have not been altered or abolished by some other statute. See *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). Coram nobis is an established writ, *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Bush*, 888 F.2d 1145 (7th Cir. 1989), but the "usages and principles of law" send an applicant to the court that issued the judgment. Coram nobis arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. *Morgan* and *Bush*, among many other cases, discuss this history. See also Abraham L. Freedman, *The Writ of Error Coram Nobis*, 3 Temple L.Q. 365 (1929); *Note*, 37 Harv.L.Rev. 744 (1924). Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court. Section 1651(a) does not authorize us to depart from this understanding of the writ. *Sinclair v. Louisiana*, 679 F.2d 513 (5th Cir.1982).

The district judge told Lowery to exhaust his remedies in Wisconsin, see Wis. Stat. § 974.06, before seeking relief from the national judiciary. Exhaustion is essential unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). If a state would treat the petitioner's claims as waived or forfeited, then there is no "available State corrective process". *Barrera v. Young*, 794 F.2d 1264, 1268–69 (7th Cir. 1986). Lowery did not contend at sentencing, or on direct appeal in Wisconsin, that the Georgia convictions are invalid. Wisconsin would have every right to use a state procedural rule to preclude Lowery's current arguments. An Assistant Attorney General of Wisconsin assured the court at oral argument, however, that the state would not invoke principles of waiver or forfeiture against Lowery. (Wisconsin may contend that Lowery's failure to present *to Georgia* the arguments he now says vitiate his convictions there precludes him from obtaining relief now, in either state or federal court. Such an argument would be consistent with Wisconsin's representation to us; the state is free to contest Lowery's challenge to the Georgia convictions on any basis other than that Lowery neglected to preserve his rights at sentencing or on appeal in Wisconsin.)

Lowery submits that Wisconsin does not have an available "corrective process" because at least one state, New Jersey, declines as a matter of comity to examine the validity of convictions in other states. *New Jersey v. Marshall*, 244 N.J.Super. 60, 581 A.2d 538 (1990). See *Savini v. Jackson*, 250 F.2d 349, 351 (2d Cir.1957) (stating that New York follows the same practice). Oregon and Minnesota have gone the other way. *Clark v. Gladden*, 247 Or. 629, 432 P.2d 182 (1967); *Holm v. Tahash*, 272 Minn. 466, 139 N.W.2d 161 (1965) (assumption). No Wisconsin court has addressed the subject, and the best way to ascertain Wisconsin's position is to ask. Lowery's sentence before enhancement has at least 30 years to run, so putting the question to Wisconsin poses no threat of unjustified confinement.

None of the parties has addressed an obstacle that may be more substantial than "comity". "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Art. IV § 1. *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981,

100 L.Ed.2d 575 (1988), holds that if the rendering state sets aside its conviction, other states may not use that judgment to enhance their own sentences. Although the Court did not rely on the Full Faith and Credit Clause, it reserved the possibility that the Clause might have required the same decision. *Id.* at 585 n. 6, 108 S.Ct. at 1986 n. 6. If one state is *forbidden* to consider a conviction held invalid by the rendering state, perhaps it is *required* to accept as valid a conviction still on the books in the rendering state. Compare *Strader v. Troy,* 571 F.2d 1263, 1268 (4th Cir.1978), with *United States v. Jones,* 907 F.2d 456, 460–69 (4th Cir.1990), with *id.* at 482–83 (Wilkinson, J., dissenting). A state might believe, as the majority did in *Jones,* that to disregard another state's conviction in sentencing is not to deny it full faith and credit; yet we do not suppose that a state could say that it may deny registration and enforcement to another state's judgment so long as it gives lip service to the "validity" of that judgment. All the same, the Supreme Court has excused penal judgments from the seemingly absolute language of Art. IV § 1. E.g., *Huntington v. Attrill,* 146 U.S. 657, 666–69, 13 S.Ct. 224, 227–28, 36 L.Ed. 1123 (1892). Perhaps Art. IV § 2 cl. 2, which requires states to return escaping felons, is the measure of their obligation in criminal cases. Perhaps, however, the footnote in *Johnson* presages new force for Art. IV § 1 in criminal cases. Cf. *Puerto Rico v. Branstad,* 483 U.S. 219, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987).

Constitutional issues that have not been raised by the parties do not lead us to set aside a district court's decision. All Lowery offers is supposition that Wisconsin might follow New Jersey. Law is full of "maybe"s and "perhaps"s. If what could or might happen justified pretermitting state remedies, there would be precious few cases within the scope of the exhaustion requirement. Section 2254(b) establishes exhaustion as the norm, which we honor by affirming the district court's judgment.