998 F.2d 1017
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David A. ZAVESKY, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Respondent/Appellee.
 No. 92-2501.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided July 12, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 David Zavesky has filed a petition for habeas corpus, 28 U.S.C. § 2254, challenging a 1982 conviction.
 
 
 2
 In 1982, Zavesky pleaded guilty to theft and was sentenced to a four-year prison term. In 1989, after his release from prison, Zavesky was convicted of another offense. At his sentencing for the 1989 offense, the State considered Zavesky's criminal history, including his 1982 conviction, and decided to sentence him as an habitual offender. Zavesky appealed both the conviction and the habitual offender determination to the Court of Appeals of Indiana, but the court rejected his claims. Zavesky then filed a petition for transfer with the Indiana Supreme Court. The Supreme Court denied the transfer on December 12, 1990.
 
 
 3
 On December 5, 1990, Zavesky filed a petition for a writ of habeas corpus, which challenged his 1982 conviction on two grounds: the voluntariness of his guilty plea and the legality of his pretrial detention. Although Zavesky's sentence for the 1982 offense had already expired by the time he filed the petition, the district court denied each of his claims on its merits.
 
 
 4
 The district court's approach was in error. The court could consider Zavesky's challenges to his 1982 conviction only if he was a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). At the time he filed his petition, Zavesky was not "in custody" for his 1982 offense because his four-year sentence had already expired. See Maleng v. Cook, 490 U.S. 488, 492 (1989).
 
 
 5
 Zavesky, however, remains in custody on his 1989 conviction. Although his petition does not specifically identify the 1989 conviction as the "conviction under attack," we may interpret the petition as a challenge to the 1989 sentence, as enhanced by the 1982 conviction. See Maleng, 490 U.S. at 492; see also Haines v. Kerner, 404 U.S. 519 (1972) (we must construe pro se submissions liberally). However, we also must reject any challenges to the 1989 conviction, because Zavesky failed to exhaust his state remedies before he petitioned the district court. See Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.), cert. denied, 113 U.S. 104 (1992). Zavesky filed his § 2254 petition on December 5, 1990, seven days before the Indiana Supreme Court denied the transfer of his direct appeal. See United States ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1196 (7th Cir.1984).
 
 
 6
 The petition is therefore DISMISSED without prejudice for want of jurisdiction. The judgment of the district court is modified accordingly. See 28 U.S.C. § 2106.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs