104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billy Kenneth MOORE, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 95-3683.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 19, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Billy Kenneth Moore was sentenced to twenty years in prison for an armed robbery committed in Owen County, Indiana in 1985. Moore's sentence was enhanced by thirty years for being an habitual offender due to a 1967 conviction pursuant to a guilty plea for second degree burglary in Washington state, a 1974 conviction pursuant to a guilty plea for second degree burglary in Indiana and a 1976 conviction in the Eastern District of Illinois for forcibly breaking into a building with the intent to commit larceny.[1] The 1985 conviction and sentence were affirmed by the Indiana Supreme Court. Moore v. State, 515 N.E.2d 1099 (Ind.1987). In 1995, Moore filed a petition for a writ of error coram nobis under 28 U.S.C. § 1651 asserting that the 1967 and 1974 convictions which were used to enhance his 1985 sentence under the recidivist statute were unconstitutional and therefore, the enhancement was invalid. The district court, construing the petition as one for relief under 28 U.S.C. § 2254, determined that Moore had failed to exhaust his state remedies and denied the petition. Moore appeals contending that the district court erred in its determination that he needed to exhaust his state remedies. We affirm the district court judgment because Moore's petition fails whether interpreted as a § 1651 or a § 2254 petition.
 
 
 2
 In his petition for a writ of error coram nobis, Moore sought a determination from the federal district court in Indiana that the prior state guilty pleas in Washington and Indiana used to enhance his present sentence were constitutionally infirm. The request must fail, however, because the federal district court in Indiana cannot overturn the state court convictions. Johnson v. Mississippi, 486 U.S. 578 (1988); Lowery v. McCaughtry, 954 F.2d 422, 422-23 (7th Cir.), cert. denied, 506 U.S. 834 (1992) (denying the petitioner's attempt to have a Wisconsin federal district court issue a writ of error coram nobis upon a Georgia state conviction which he alleges was constitutionally infirm and was improperly used to augment a Wisconsin state sentence and noting that the petitioner's counsel "conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court")[2]; Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, Duckworth v. Crank, 498 U.S. 1040 (1991) (stating that the validity of the earlier convictions which are used to enhance a current conviction can be challenged by filing a petition for a writ of error coram nobis in the rendering court ) (emphasis added); United States v. Bush, 888 F.2d 1145 (7th Cir.1989) (stating that "the writ was 'available to bring before the court that pronounced the judgment errors in matters of fact....' ") (quoting United States v. Mayer, 235 U.S. 55, 68 (1914) (citations omitted) (emphasis added)).
 
 
 3
 If Moore's petition is construed as one for relief under § 2254, his petition also fails.[3] The ability to challenge an earlier state conviction used to enhance a later sentence in a petition for habeas corpus is subject to the restrictive doctrines of any habeas petition. Smith, 25 F.3d at 1368. ("[F]ederal courts should only grant habeas review if that review is consistent with otherwise applicable doctrines determining the circumstances under which collateral review is available"). The state, construing Moore's petition as one pursuant to § 2254, asserts that the petitioner has not exhausted his state remedies in either Washington or Indiana and therefore, the federal court should not review his habeas petition.[4] We agree. 28 U.S.C. § 2254(b)(1)(A). Even if Moore has exhausted his state remedies, Moore must demonstrate that he has not had a full and fair opportunity to litigate his claims in state court before a federal court may review his claims. Smith, 25 F.3d at 1365 ("a federal court should not entertain a state prisoner's challenge to the constitutionality of a past conviction used to enhance a new sentence unless that prisoner has not been afforded by the state a full and fair opportunity to collaterally challenge that past conviction").
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Moore is only disputing the validity of the 1967 and 1974 guilty pleas entered in Washington and Indiana state courts
 
 
 [2]
 The Lowery court concluded that "[s]ection 1651(a) does not authorize us to depart from this understanding of the writ." Lowery, 954 F.2d at 423 (citing Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.") (citations omitted))
 
 
 [3]
 Even though Moore is no longer in custody on the two prior state convictions, he may challenge the validity of them since they were used to enhance a later sentence. Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir.1994), cert. denied, 115 S.Ct. 908 (1995) (citing Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990)) ("Because a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired.")
 
 
 [4]
 The petitioner admits that he has not exhausted his state remedies. Petitioner's Opening Br. at 7