**DLD-010**                                                  **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 11-3492

_____

IN RE:  ABIODUN ODUNTAN THOMPSON,
Petitioner

_____

On a Petition for Writ of Error Coram Nobis from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 99-cr-00414)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 14, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  November 3, 2011)

_____

OPINION

_____

PER CURIAM

      Abiodun Thompson, proceeding pro se, has filed a petition for a writ of error

coram nobis challenging a theft conviction that resulted in his removal from the United

States.  For the reasons that follow, we will dismiss the petition for lack of jurisdiction.

      In 1999, Thompson, a native and citizen of Nigeria, pleaded guilty in the United

States District Court for the District of New Jersey to theft of government funds in

violation of 18 U.S.C. § 641.  He was sentenced to probation and ordered to pay

restitution in the amount of $17,547. Thompson did not file a direct appeal. In 2002, Thompson filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court found the motion untimely and denied it. We denied Thompson's request for a certificate of appealability. See C.A. No. 03-1156.

Removal proceedings were initiated against Thompson based on his conviction. The Immigration Judge determined that Thompson's conviction was for an offense involving fraud or deceit in which the loss to the victim exceeded $10,000, which constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M). The Immigration Judge ordered Thompson's removal to Nigeria. The Board of Immigration Appeals affirmed and, in 2004, we denied Thompson's petition for review. See C.A. No. 04-1242. Thompson was removed to Nigeria in 2006.

Thompson now petitions our Court for a writ of error coram nobis vacating his conviction and sentence. Thompson concedes he engaged in fraud but disputes that the loss to the victim exceeded $10,000. Thompson also argues that he received ineffective of assistance of counsel. The Government contends that we lack jurisdiction to entertain Thompson's petition because only the court of conviction can afford the relief he seeks.

Coram nobis is an extraordinary remedy used to attack federal convictions with continuing consequences when a petitioner is no longer "in custody" for purposes of 28 U.S.C. § 2255. United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011). A federal court's jurisdiction to issue a writ of error coram nobis derives from 28 U.S.C. § 1651,

2

which authorizes federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); United States v. Morgan, 346 U.S. 502, 506-11 (1954).

We have held that a federal district court lacks jurisdiction to entertain a petition for a writ of error coram nobis where a petitioner seeks to vacate a state court conviction. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). In so holding, we agreed with the decisions of other courts of appeals, which had ruled that coram nobis relief is only available in the court that issued the criminal judgment. Id. As explained by the United States Court of Appeals for the Seventh Circuit, coram nobis arose as a device to extend the period in which the judge who rendered a decision could reexamine it. Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992). Thus, the "usages and principles of law" send an applicant seeking coram nobis to the court that issued the judgment. Id. See also Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam) (noting in appendix that a "writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had").

The same principles apply here. Thompson seeks to challenge a criminal judgment issued in district court. While we may review a district court's denial of coram nobis relief pursuant to our appellate jurisdiction, we do not have original jurisdiction to entertain Thompson's petition for a writ of error coram nobis.[1]

---

[1]The District Court docket for Thompson's criminal proceedings reflects that Thompson petitioned the District Court for coram nobis relief last year and the District Court has yet

3

Accordingly, we will dismiss the petition for a writ of error coram nobis.

---

to adjudicate the petition. To the extent the petition Thompson filed in our Court could be construed as a petition for a writ of mandamus compelling a ruling by the District Court, mandamus relief is not warranted because Thompson may move the District Court for a ruling on his petition. See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (requiring no other adequate means to attain relief for issuance of writ of mandamus).