CLD-173                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3940
_____

EDGAR SPENCER PHILLIPS,
                                                      Appellant

v.

J.L. NORWARD, Northeast Regional Director
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-14-cv-04468)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 23, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed June 10, 2015)
_____

OPINION
_____

PER CURIAM

        Edgar Spencer Phillips, a federal prisoner proceeding pro se, appeals from orders

of the United States District Court for the District of New Jersey dismissing his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his motion for

reconsideration. We will affirm.

In 1996, Phillips pleaded guilty in the United States District Court for the Northern District of West Virginia to interstate domestic violence and conspiracy to possess cocaine base with the intent to distribute. He was sentenced to 120 months in prison for the domestic violence conviction, to run concurrently with 235 months for the drug conviction. Phillips did not appeal. He filed several motions pursuant to 28 U.S.C. § 2255 between 1999 and 2005 that were denied. In 2009, he successfully moved for a reduction in the sentence for his drug conviction, resulting in a reduced sentence of 210 months. Thereafter, he filed several additional motions to reduce or adjust his sentence, arguing that a prior conviction was included in his criminal history that never actually occurred. The West Virginia court denied the motions in 2014 as unauthorized second or successive § 2255 motions.

While the motions to reduce sentence were pending, Phillips filed a habeas petition pursuant to 28 U.S.C. § 2241 raising the same argument regarding his sentence. The matter was transferred to the New Jersey District Court because Phillips was incarcerated in New Jersey. The District Court dismissed the petition for lack of jurisdiction, concluding that the claim could be raised only, if at all, in a § 2255 motion. Phillips then filed an amended petition, adding more details to his claim and seeking to have it considered as a petition for a writ of error coram nobis. The District Court construed the amended petition as a motion for reconsideration and denied it, concluding that Phillips had not shown clear error in the prior decision, or a change in the law or new

2

evidence. As for coram nobis relief, the court concluded that it could not be used to circumvent the procedural barriers to filing a second or successive § 2255 motion and that it was not available to petitioners still in custody. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle ex rel. Miner v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). If no substantial question is presented, we may affirm on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with the District Court that Phillips' § 2241 petition was not viable. He explicitly challenged his sentence, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception applies only in rare circumstances.

In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted. Phillips cannot avail himself of this

3

exception. The conduct underlying his conviction is still a crime, and Phillips does not argue otherwise. Nor does he argue that he is actually innocent or present anything else that might be considered an extraordinary circumstance justifying the use of § 2241. See Cradle, 290 F.3d at 539. Instead, he argues only that the sentencing range used by the West Virginia court was incorrect due to the improper inclusion of a prior conviction. Phillips previously brought this claim to the sentencing court, where relief was denied because the claim should have been presented in an application for a successive § 2255 motion. Phillips cannot now show that a § 2255 motion is "inadequate or ineffective" – and that resort to § 2241 is therefore available – simply because the sentencing court did not grant him relief.[1] Id.

Nor may Phillips resort to coram nobis. Coram nobis "is an extraordinary remedy and a court's jurisdiction to grant relief is of limited scope." United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). It is traditionally used to attack convictions with continuing consequences when the petitioner is no longer in custody. Id. As the District Court noted, Phillips is still in custody, making coram nobis relief unavailable. Although he argues that he is no longer in custody on the sentence he

---

[1] It appears that Phillips may no longer be serving the sentence he challenges, but rather is serving a later imposed, consecutive sentence for attempted escape. See Judgment, United States v. Phillips, No. 2:97-cr-00003 (N.D. W.Va. Dec. 22, 1997), ECF No. 20. This situation does not make § 2255 unavailable, for a prisoner with a consecutive sentence remains "in custody" on the completed sentence while serving the consecutive sentence. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995). This rule applies even when the consecutive sentence is imposed at a different time. See DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

4

challenges, but rather serving a consecutive sentence for another conviction, he cites no authority suggesting that a prisoner in such a situation may seek coram nobis relief. The existence of any such authority seems unlikely, given that, as previously noted, a prisoner serving a consecutive sentence is still deemed to be "in custody" on the completed sentence. Garlotte, 515 U.S. at 41.

Aside from the issue of custody, there are other barriers to relief. Coram nobis is traditionally understood to be available only from the court that issued the criminal judgment. See, e.g., Sinclair v. Lousiana, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992). The judgment at issue here came from the Northern District of West Virginia. Review of that decision by the District of New Jersey would not be "in aid of" the court's jurisdiction under the All Writs Act. See 28 U.S.C. § 1651(a). Finally, a writ of error coram nobis "may not issue when alternative remedies, such as habeas corpus, are available." United States v. Denedo, 556 U.S. 904, 911 (2009). We have concluded that 28 U.S.C. § 2255 is the vehicle for Phillips' claim. The West Virginia court concluded as much when it denied Phillips' sentencing motions as unauthorized second or successive § 2255 motions. Phillips may not now resort to coram nobis simply to evade the stringent requirements of § 2255. See Baptiste, 223 F.3d at 189-90.

For these reasons, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.