**Ronald KEITH, Plaintiff,**

v.

**Gary McCAUGHTRY, Defendants.**

No. 91–C–769.

United States District Court,
E.D. Wisconsin.

Aug. 16, 1991.

Ronald Keith, pro se.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Ronald Keith, currently incarcerated at the Waupun Correctional Institution, filed this petition on July 12, 1991, seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254, along with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Mr. Keith also has two other habeas corpus petitions pending before this court, Case No. 91–C–219 (E.D.Wis. filed March 6, 1991) and Case No. 91–C–612 (E.D.Wis. filed June 12, 1991). The court will dismiss his present petition without prejudice.

■ Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254, requires the court to dismiss the petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Mr. Keith's present petition states that he was originally charged in state court with three counts of first degree sexual assault and one count of second degree sexual assault. The petition further discloses that Mr. Keith "entered a plea of nolo contendere to one count of the indictment." According to the petition, a judgment of conviction was entered on November 13, 1990—just nine months ago—and Mr. Keith was sentenced to six months in prison. Wisconsin law provides for a plea of "no contest," which is the "functional equivalent" of a guilty plea. *See* Wis.Stat. § 971.08; *State v. Bangert,* 131 Wis.2d 246, 293, 389 N.W.2d 12 (1986).

The present petition offers eight grounds of challenge to that judgment of conviction, at least some of which may implicate Mr. Keith's rights under the United States Constitution. However, 28 U.S.C. § 2254(b) requires, with exceptions not relevant here, that Mr. Keith demonstrate that he "has exhausted the remedies available in the courts of the State...." "Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims, or when state remedies no longer remain available to the petitioner." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990) (*citing Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982)).

Mr. Keith states that all eight grounds raised in the present petition were also raised by him in a petition for habeas corpus before the Wisconsin court of appeals. Actually, the petition was originally filed with the Wisconsin supreme court; on June 26, 1991, the latter court transferred the petition to the state court of appeals on jurisdictional grounds. Subsequently, the state court of appeals dismissed the peti-

tion by order of July 5, 1991, citing Mr. Keith's failure to comply with the requisite procedures for state post-conviction relief, *see* Wis.Stat. § 974.06. Mr. Keith elected not to appeal the state court of appeals' dismissal to the Wisconsin supreme court because he believed himself to be "unable to counter" the decisions cited by the Wisconsin court of appeals in its order of July 5, 1991.

From the face of the petition and its accompanying exhibits, it is clear that the merits of Mr. Keith's claims have not yet been presented to the "highest state court," which in this case is the Wisconsin supreme court. Indeed, the petition suggests that Mr. Keith's claims have not yet been properly presented for evaluation of their merits to *any* state court. *See* Wis. Stat. § 974.06(8) (post-conviction motions are to be filed in the state circuit court that imposed sentence). Accordingly, I find that Mr. Keith has not exhausted his state remedies as required under § 2254(b). The present petition will be dismissed in its entirety under Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254, without prejudice. *See Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) (petition containing unexhausted claims may be dismissed in its entirety). Given this summary disposition of his petition, the question of Mr. Keith's entitlement to proceed without paying the filing fee under § 1915 need not be resolved.

■ In addition to his petition, Mr. Keith has filed a motion pursuant to 28 U.S.C. § 2251, which vests a federal court with the discretion to stay further state court proceedings involving a habeas corpus petitioner. In support of his § 2251 motion, Mr. Keith has submitted a notice of a hearing on his state court post-conviction motions; that hearing was to be conducted in a state circuit court on August 8, 1991. (The scheduling of such a hearing supports the court's previously stated conclusion that unexhausted state remedies remain available to Mr. Keith.) Mr. Keith seeks a stay of that hearing, which presumably has already been conducted. Regardless

whether the hearing has been conducted, the dismissal of Mr. Keith's § 2254 petition mandates the dismissal of his § 2251 motion as moot.

Therefore, IT IS ORDERED that Mr. Keith's petition for a writ of habeas corpus be and hereby is dismissed, without prejudice, pursuant to Rule 4, Rules Governing Habeas Corpus Cases.

IT IS ALSO ORDERED that Mr. Keith's motion for stay of any state court action pending the resolution of his petition for a writ of habeas corpus be and hereby is dismissed as moot.