12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald A. KEITH, Sr., Petitioner-Appellant,
v.
Gary L. McCAUGHTRY, Respondent-Appellee.
 No. 92-3065.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Ronald Keith, now serving a ten-year term in Wisconsin after the revocation of his probation for an earlier crime, contends that this sentence was enhanced by reliance on a still-earlier conviction that Keith believes to be invalid. He seeks a writ of habeas corpus. 28 U.S.C. Sec. 2254. The district court dismissed the petition for lack of jurisdiction after concluding that Keith's current incarceration does not depend on, and was not enhanced by virtue of, the January 1984 conviction that Keith believes invalid.
 
 
 2
 The district court should not have dismissed the petition on jurisdictional grounds. Keith is in custody, which, he contends, violates the Constitution because of the influence of the January 1984 conviction. He may be wrong to suppose that there is influence (or that there is any problem in the January 1984 judgment), but there can be no doubt that Keith satisfies the statutory custody requirement. "Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A is a matter of comity and rules of preclusion, not custody." Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990).
 
 
 3
 Keith loses nonetheless. The district judge concluded that Keith's current sentence depends on the violation of the terms of his probation from a conviction entered in March 1984 and not on the January 1984 judgment. The judge's reasons are persuasive, and we do not repeat them. See also Behlke v. Fiedler, No. 92-2786 (7th Cir. Oct. 4, 1993).
 
 
 4
 The judgment of the district court is vacated, and the case is remanded for the entry of a new judgment dismissing the petition on the merits.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record