**Ronald A. KEITH, Petitioner,**

v.

**Michael SULLIVAN and Philip Macht, Respondents.**

No. 96–C–251.

United States District Court,
E.D. Wisconsin.

Feb. 28, 1997.

**1480**

Ronald A. Keith, Winnebago, WI, Pro Se.

Marguerite M. Moeller, Assistant Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent.

**DECISION AND ORDER**

GORDON, District Judge.

Ronald A. Keith, presently confined at the Wisconsin Resource Center ["WRC"], started this action on March 6, 1996, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254. Under Rule 4, Rules Governing Section 2254 Cases, the respondents filed an answer to Mr. Keith's petition, and the court then established a briefing schedule for the parties to file their memoranda in support of and in opposition to the petition. Mr. Keith's petition is now fully briefed and is ready for the court's attention.

### I. Factual and Procedural Background

Mr. Keith asserts three claims for relief. He first alleges that the state "refused to give me relief from invalid conviction and sentence on ground that it was error in law and not reachable using a petition for writ of error coram nobis." Next, the petitioner claims that when sentencing Mr. Keith, the state trial court "considered in part and gave weight to false, erroneous and mischaracterized sentencing information." Mr. Keith's

final claim for relief urges that his present commitment at the WRC is based on Wisconsin's "unconstitutional" statute providing for the commitment of "sexually violent" persons. *See Wis.Stat.* § 980.06.

The petitioner's first two claims arise from his conviction on March 8, 1984 for one count of first degree sexual assault and one count of second degree sexual assault. Mr. Keith pleaded no contest to both. The state trial court sentenced Mr. Keith to 50 months on the first count, to be served concurrently with an earlier 40 month sentence that had been imposed on Mr. Keith in January of 1984, and to five years probation on the second count, to be applied consecutively with the sentence for 50 months. On September 10, 1989, after Mr. Keith had already been discharged on the fifty month sentence, the trial court revoked Mr. Keith's probation on the second count and sentenced him to a maximum ten years in prison. In his brief in support of his petition, Mr. Keith states that part of his "special plea term" with the prosecutor in 1984 was that he "could have unsupervised contact with his son and persons over 16 years of age," but that the trial court revoked Mr. Keith's probation because of his "non-physical, legal contact with his newspaper carrier on June 2, 1988, who was 16 years, 8 months old at that time."

Mr. Keith's third claim stems from his present confinement at the WRC, which is pursuant to a Wisconsin statute that provides for the commitment of former inmates who have been convicted of sexually violent crimes. Chapter 980 of the Wisconsin statutes allows the state department of justice or a district attorney, within 90 days of the discharge or release of a person who was convicted of a sexually violent offense, to file a petition asking that the person be detained. *Wis.Stat.* § 980.02. Upon the filing of such a petition, the state court must hold a hearing to determine whether there is probable cause to believe that the person is "sexually violent." *Wis.Stat.* § 980.04. If the court makes such a determination, it then holds a trial at which the prosecutor must prove, beyond a reasonable doubt, the allegations in the petition. *Wis.Stat.* § 980.05. Finally, the Wisconsin statute provides:

If a court or jury determines that the person who is the subject of a petition under § 980.02 is a sexually violent person, the court shall order the person to be committed to the custody of the department for control, care and treatment until such time as the person is no longer a sexually violent person.

*Wis.Stat.* § 980.06(1).

Mr. Keith's scheduled release date was to have taken place on or about July 15, 1994, but on July 14, 1994, the state of Wisconsin filed a probable cause petition pursuant to Chapter 980. On May 8, 1996, a jury found that Mr. Keith has been convicted of a sexually violent offense, that he has a mental disorder and that there is a substantial probability that he will engage in acts of sexual violence. A Dane County circuit court issued an order on August 5, 1996 mandating that Mr. Keith be placed in a "secure mental health treatment facility until such time as he is no longer a sexually violent person and can safely be returned and integrated into the community."

## II. Analysis

### A. "In Custody" Requirement

The respondents argue that this court does not have subject matter jurisdiction over the first claim in Mr. Keith's petition because that claim challenges a conviction for which Mr. Keith is no longer "in custody" pursuant to the federal habeas corpus requirements. 28 U.S.C. § 2254(a) states that a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." Since Mr. Keith has served completely his 50 month sentence for his 1984 conviction for sexual assault in the first degree, the state contends that he cannot dispute the constitutionality or legality of that sentence, even though he is still confined.

■ It is important to note that the sentencing court *consecutively* applied the 50 month sentence and the probation, which was later revoked. The United States Supreme Court has recently held that a prisoner in custody on the second of two consecutive sentences may challenge the first sentence, although he already has served the time under that sentence. *Garlotte v. Fordice,* —— U.S. ——, ——, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (1995); *see also Fawcett v. Bablitch,* 962 F.2d 617, 618 (7th Cir.1992) (finding that because a "consecutive sentence uses the first conviction to postpone release on the second ... 'a prisoner serving consecutive sentences is in custody under any one of them for purposes of' collateral attack") (quoting *Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968)).

■ The respondents argue that the rationale behind allowing a prisoner to attack consecutive sentences regardless of which sentence he is currently serving does not apply in the present case. They contend that because Mr. Keith was *already* serving a 40 month sentence when the court imposed the next two sentences, the 50 month sentence did not postpone Mr. Keith's release on the ten year sentence. Under my calculations, however, their contention is wrong. Under the 40 month sentence, Mr. Keith would have been released on June 24, 1987, but because the 50 month sentence was applied concurrently to the 40 month sentence, he was not released until March 8, 1988, almost eight and a half months later. The court subsequently revoked his probation on September 10, 1989, sentencing Mr. Keith to ten years imprisonment, with 462 days of sentencing credit for his probation time already served, pursuant to *Wis.Stat.* § 973.155. If the 50 month sentence was invalid, Mr. Keith would have been released sooner, his probation would have started earlier, and he presumably would have been given more days of sentencing credit. Therefore, Mr. Keith's release on his ten year sentence *was* postponed because of the 50 month sentence. The respondents do not dispute that Mr. Keith is "in custody" on his conviction on the second degree sexual assault charge. Thus, I find that it is proper to allow him to challenge the conviction that was applied consecutively to the conviction for which he is in custody.

The respondents also argue that the court should not allow Mr. Keith to challenge his 1984 conviction for first degree sexual assault because an insufficient nexus exists between that conviction and his current commitment at the WRC. Specifically, they argue that although the state, when petitioning for Mr. Keith's civil commitment, cited *both* Mr. Keith's convictions for first degree and second degree sexual assault, the committing court could have considered only the petitioner's second degree conviction because it was that sentence from which Mr. Keith was within 90 days of release.

■ The court of appeals for the seventh circuit has, on more than one occasion, emphasized that there is a causation requirement between the petitioner's *current* confinement and the allegations in his petition for the writ of habeas corpus:

> That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid. To obtain relief under § 2254 the prisoner must show that his current confinement violates the Constitution or laws of the United States. *This will be so only if the prior judgments not only are invalid but also were used to augment the current one.*

*Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir.1990) (emphasis added), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). In *Crank*, the court of appeals found that the petitioner properly was "in custody" and could challenge a prior conviction because the sentence under which he was confined had been enhanced by the prior conviction, "although such a link may be hard to show when the sentencing judge knows about the prior conviction but does not expressly augment the sentence on account of it." *Crank*, 905 F.2d at 1091–92; *see also Smith v. Farley*, 25 F.3d 1363, 1365–66 (7th Cir. 1994) ("Because a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody, he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired."), *cert. denied*, —— U.S. ——, 115 S.Ct. 908, 130 L.Ed.2d 791 (1995).

■ The respondents' analysis of Wisconsin's civil commitment statute is flawed in that it assumes that the statute's requirement that the "sexually violent" prisoner be within 90 days of release is also a requirement that the commitment be based *solely* on the conviction for which the prisoner is incarcerated. A plain-reading of the statute, however, reveals no such requirement. Given the reasoning of the case law described above, it would be appropriate to find that when the state relies on a previous conviction in its petition for the civil commitment of a prisoner, there is a sufficient nexus between that conviction and the current commitment.

■ Such a situation is present here. The state assistant attorney general who filed the petition seeking the civil detention of Mr. Keith explicitly stated in the petition that on March 8, 1984, Mr. Keith was convicted of both first and second degree sexual assault. The petition went on to state that "Ronald Keith was sentenced to fifty months on the First Degree Sexual Assault and five years consecutive probation on the Second Degree Sexual Assault.... As a result of the *convictions* set forth ... above and pursuant to sec. 980.02(4)(a), this court has subject matter jurisdiction regarding this petition" (emphasis added). Moreover, as mentioned above, the state does not advance any argument challenging the fact that Mr. Keith is in custody pursuant to his 1984 second degree sexual assault conviction. Because the second conviction was consecutive to the first and because there is a satisfactory nexus between the first degree conviction and Mr. Keith's current commitment, Mr. Keith is "in custody" for the purposes of challenging his conviction for first degree sexual assault.

### B. Failure to Raise Claims One and Two in Earlier Petition

This is not Mr. Keith's first attempt to receive habeas corpus relief in the federal courts. I have, in fact, already considered three of Mr. Keith's petitions for the writ, although I did not address any of those on the merits. I dismissed the first, which challenged an unrelated 1990 conviction, for Mr. Keith's failure to exhaust his state court rem-

edies. *Keith v. McCaughtry*, 771 F.Supp. 277 (E.D.Wis.1991) ["Keith I"]. Mr. Keith's second petition, the one most relevant to the case at hand, challenged his March 1984 conviction for second degree sexual assault. I dismissed that petition, with prejudice, for the petitioner's procedural defaults in the Wisconsin state courts. *Keith v. McCaughtry*, 775 F.Supp. 290 (E.D.Wis.1991) ["Keith II"], *aff'd* 1 F.3d 1244 (7th Cir.1993) (unpublished decision), *cert. denied*, 512 U.S. 1212, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994). I dismissed Mr. Keith's third petition, which challenged the constitutionality of his January 1984 conviction, for lack of subject matter jurisdiction. Specifically, I found that Mr. Keith was not "in custody" on that conviction because he already had served that sentence. *Keith v. McCaughtry*, 783 F.Supp. 1170, 1173 (E.D.Wis.1992), *vacated* 12 F.3d 1101 (1993) (unpublished order) ["Keith III"]. The court of appeals for the seventh circuit held on appeal that because Mr. Keith's petition alleged that the January 1984 conviction influenced the length of the sentence under which he was still in custody, he satisfied the statutory custody requirement. Nevertheless the court of appeals agreed with my finding that the petitioner's violation of the probation imposed in March of 1984, not his January 1984 conviction, was the reason for his custody. It therefore directed that judgment be entered dismissing Mr. Keith's petition on the merits. *Keith v. McCaughtry*, 12 F.3d 1101, 1993 WL 483270 (1993) (unpublished order).

The respondents maintain that, under the newly amended habeas corpus laws, the court is required to dismiss the first two claims in Mr. Keith's present petition as "second or successive." On April 24, 1996, Congress amended 28 U.S.C. § 2244(b)(2) to provide that a district court may proceed with a second or successive habeas petition only in very limited circumstances:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244, *as amended by* The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 ["The Act"]. The respondents' argument, however, raises a question as to whether the court should deem the first two claims in Mr. Keith's present petition "second or successive." It also may require this court to decide whether this provision of the Act should retroactively apply to Mr. Keith.

Mr. Keith's first claim is that when he filed a writ of error coram nobis on his "invalid" March 1984 conviction for first degree sexual assault, the state found that any such error was "error in law" and was not reachable using the writ for which he petitioned. The conviction was invalid, Mr. Keith argues, because his alleged victim was over the age of 12 at the time of the alleged assault, but the statute under which he was convicted, *Wis. Stat.* § 940.225(1)(d) (repealed 1987), defined first degree sexual assault as sexual contact with a person 12 years of age or younger. The Wisconsin court of appeals reviewed the trial court's denial of Mr. Keith's writ and found that he had no remedy under the writ of coram nobis. *Wisconsin v. Keith*, 1994 WL 11700, 181 Wis.2d 1003, 513 N.W.2d 707 (1994) (unpublished decision), *review denied*, 524 N.W.2d 138 (Wis.1994).

The petitioner urges that this claim should not be construed as "second or successive" because this is the first time that he has challenged his conviction for *first* degree sexual assault in a federal habeas corpus action. The respondents' rebuttal argument, however, is persuasive:

While Keith did not specifically attack his 1984 conviction for first degree sexual as-

sault in [his 1991] action (perhaps because he had finished serving his sentence for that crime), he could and should have since both convictions were charged in the same criminal case and his pleas to both were part of the same plea agreement. In addition, many of the grounds for relief asserted in [his 1991 action] applied equally to both convictions, such as his claim that his plea was unlawfully induced and involuntary and his claim that he was mentally incompetent· when he entered his pleas. (Respondents' brief at p. 10) It would be illogical to hold that a petitioner could file separate habeas corpus petitions for every count on which he was convicted on the same day and as a consequence of the same proceedings without the petitions' being considered "second or successive." Such a conclusion could lead to absurd results, such as where a defendant convicted of multiple counts of fraud that were all part of the same scheme brings nearly identical habeas petitions. I recognize that there could be criminal convictions where the crimes of which the defendant was convicted and the bodies of evidence upon which they were based were so distinct that separate habeas corpus proceedings would not violate the principal behind the limitations on second and successive petitions. That, however, is not the case here, and I find that Mr. Keith's first claim is "second or successive."

█ The petitioner's second claim—that when the trial court sentenced Mr. Keith at his revocation hearing in 1989, it relied on misinformation about Mr. Keith's previous convictions for sexual assault—is certainly a second or successive petition to Mr. Keith's 1991 habeas corpus action. While Mr. Keith's 1991 petition challenged his conviction on the second degree sexual assault charge, and the current claim challenges the trial court's subsequent revocation of Mr. Keith's probation, all claims are related to the same conviction.

The next step is to address the new limits on second and successive petitions, enacted by Congress on April 24, 1996. Mr. Keith filed the present petition over a month before the enactment. The application of the Act to habeas corpus petitions that were pending on April 24, 1996 has been the subject of much litigation in the court of appeals for the seventh circuit. In *Lindh v. Murphy,* 96 F.3d 856, 863 (7th Cir.1996) (en banc), *cert. granted in part,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997), the court of appeals for the seventh circuit found that a different section of the Act, 28 U.S.C. § 2254(d), did not "attach new legal consequences to the filing of ·petitions for habeas corpus," and thus that the section of the Act could apply to petitions that were pending on April 24, 1996. The *Lindh* court, however, also specifically said that "other parts of the 1996 Act" may attach new legal consequences. *Lindh,* 96 F.3d at 863.

·In a case decided on the same day as *Lindh,* the seventh circuit court found that applying the newly amended 28 U.S.C. § 2244(b)(2) to the petitioner, who filed a "second or successive" petition before April 24, 1996, would attach new legal consequences to the petitioner's filing of his *first* petition:

.... We assume that Burris's decision to split in two his attack on the judgment in the state criminal proceedings was no an abuse of the writ. (If it was an abuse, the issue addressed next, the second petition was barred under the old law and there would be no need to consider the applicability of the new one.) If it was not, then the new law, if applied retroactively, would indeed attach a new legal consequence to that completed event, the filing of the first petition: the consequence would be that he would not file a second petition. Had Burris had foreseen the new law he would in all likelihood have waited, as most prisoners do, until his second sentence was affirmed and then filed a single petition for habeas corpus consolidating his attacks on both the conviction and the sentence. He made a deliberate choice to file two petitions, having no way of knowing (unless gifted with prevision) that the second petition would be subject to a far more stringent test than the test in the existing law, the test of abuse.

*Burris v. Parke,* 95 F.3d 465, 468 (7th Cir. 1996) (en banc). In subsequent cases, though, the circuit court treated *Lindh*'s

retroactive application of the Act as the general rule and the holding in *Burris* as the exception. Eleven days after the circuit court issued *Lindh* and *Burris,* it issued another decision in which the court characterized *Burris* as holding that "the new rules for second and successive collateral attacks do not hold sway when the prisoner *deliberately limited* the issues raised in his first collateral attack in the belief that the rules in force at the time permitted such a step." *Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir.1996). Then, finding that the petitioner did not argue that he deliberately omitted issues from his first petition, the court said that "there is little likelihood that the change of law has bushwhacked or mousetrapped Roldan." *Roldan,* 96 F.3d at 1014.

█ The question of whether the Act's restrictions on second and successive petitions retroactively apply to Mr. Keith's petition does not appear to be well-settled, especially since the United States Supreme Court recently granted certiorari in the *Lindh* case. The U.S. Supreme Court will address whether the seventh circuit court of appeals correctly interpreted "U.S. Supreme Court's retroactivity jurisprudence to depend upon proof of actual reliance interests and to create presumption that habeas-curtailing statutes apply retroactively." *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 726. Because I am able to find that Mr. Keith's first two claims do not survive even under the less-stringent, pre-Act "abuse of the writ" standard, I find no need for my purporting to resolve the highly disputed retroactivity question.

Mr. Keith's first two claims could have survived only if he had been able to show cause and prejudice for his failure to bring the claims in his earlier petition or if he had been able to show that he would suffer a fundamental miscarriage of justice upon the court's refusal to hear the claims. *McCleskey v. Zant,* 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991); *Montgomery v. Meloy,* 90 F.3d 1200, 1203 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 266, 136 L.Ed.2d 190 (1996). Mr. Keith has proven neither.

In his attempt to show "cause,", Mr. Keith argues that in 1993, prison officials made him promise not to file any more claims in return for his receiving psychological therapy. He also states that he did not include the two claims in his earlier petition because "he was locked upon prison that constantly interfered with his litigation's [sic]." Neither of these arguments has merit. Even if Mr. Keith's allegations about the prison officials were taken as true, their actions in 1993 do nothing to show cause for the petitioner's failure to include his claims in his *1991* petition. Furthermore, his being confined in the prison did not hinder Mr. Keith from bringing six other claims in the 1991 petition challenging his 1984 conviction; it is frivolous to argue that the conditions of his confinement precluded two more claims.

Although the petitioner has offered no more reasons to show "cause" for his failure to bring his first claim, I will, for purposes of completeness, address the argument that Mr. Keith could not have brought his first claim until the Wisconsin state courts denied him the chance to bring the "writ of error coram nobis" in 1994. The underlying argument in this claim is that the alleged victim of Mr. Keith's first degree sexual assault conviction was actually over twelve years of age at the time of the assault. The petitioner has shown nothing to prove that he was unaware of the victim's actual age at the time of his sentence, back in 1984, or that he has only become aware of the victim's age since the filing of his 1991 petition. I therefore find that Mr. Keith has failed to show cause for his failure to raise his first claim in his previous petition.

In an attempt to explain his failure to raise his second claim regarding the sentencing judge's alleged reliance on misinformation and misleading statements, the petitioner claims that "he had to show the lower courts before showing this court, that the sentencing transcripts had such information and how it was incorrect." According to Mr. Keith, it took a very long time to "dredge up very old files." In support of his second claim, Mr. Keith directs the court to his state court brief, which is appended to the respondents' answer. A review of that brief, however, reveals that although Mr. Keith relies in part on the 1992 correction of his sentencing re-

port, his claim encompasses much more, including the prosecutor's various comments at the sentencing hearing about Mr. Keith and his alleged victims of sexual assault. That Mr. Keith did not receive a corrected sentencing report until 1992 does not establish cause. He could have still made all of the arguments that he now makes in his 1991 petition; the corrected sentencing report is just additional support for his arguments. *See McCleskey,* 499 U.S. at 497, 111 S.Ct. at 1472 ("For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of a factual basis for the claim, must have *prevented petitioner from raising the claim.*") (emphasis added). I find that the petitioner has not shown cause for his failure to raise this claim. I need not address the "prejudice" standard of the abuse of the writ test because Mr. Keith lacks cause for not raising the claims at an earlier date. *See McCleskey,* 499 U.S. at 502, 111 S.Ct. at 1474.

█ Even if a petitioner has not met the "cause and prejudice" standard, the court may address the merits of a petition if not doing so would be a "fundamental miscarriage of justice." *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). There is a fundamental miscarriage of justice when "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. In order to satisfy this standard, in other words, the petitioner must show that he is "actually innocent." *Schlup v. Delo,* 513 U.S. 298, ―― ――, 115 S.Ct. 851, 860–62, 130 L.Ed.2d 808 (1995); *Sawyer,* 505 U.S. at 339, 112 S.Ct. at 2518–19.

█ Even if true, neither of Mr. Keith's claims would show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at ――, 115 S.Ct. at 867; *Whitlock v. Godinez,* 51 F.3d 59, 63 (7th Cir.). *cert. denied,* ―― U.S. ――, 116 S.Ct. 150, 133 L.Ed.2d 95 (1995). Mr. Keith's first claim about the validity of his March 1984 conviction for first degree sexual assault shows that even if the victim was over the age of twelve, Mr. Keith would have

been convicted of second degree sexual assault; he would still have been deemed by a jury to be guilty beyond a reasonable doubt. Furthermore, Mr. Keith received a 50–month prison sentence for that conviction, which is well within the maximum sentence of ten years that he could have received for a conviction for second degree sexual assault. *See Wis.Stat.* § 940.225(2)(e) (repealed 1987).

█ The petitioner's second claim that the sentencing judge relied on false and misleading information in revoking Mr. Keith's probation, even if true, would also fail to show that Mr. Keith is actually innocent of the sexual assault in the second degree. This claim, in fact, does not even challenge the underlying conviction, but the way in which the judge imposed the sentence. Such a claim cannot be regarded as one that shows actual innocence. *See Zavesky v. Miller,* 79 F.3d 554, 556–57 (7th Cir.) (finding that the petitioner's claims that there should have been a change of trial judge, that he received ineffective assistance of counsel, and that the state did not prove all the elements of the crime were only claims of "legal, as opposed to actual (or factual) innocence, and thus do[ ] not meet the miscarriage of justice standard"), *cert. denied,* ―― U.S. ――, 117 S.Ct. 93, 136 L.Ed.2d 48 (1996).

I conclude that Mr. Keith, by filing previous petitions for the writ of habeas corpus and failing to raise the first two claims in his present petition, has abused the writ. He has failed to show cause and prejudice and has also failed to show that he will suffer a miscarriage of justice.

*C. Constitutionality of Commitment of "Sexually Violent" Persons*

The petitioner's remaining claim is that his current incarceration at the WRC, pursuant to the Wisconsin statutes providing for the commitment of "sexually violent" persons, is unconstitutional. Specifically, Mr. Keith claims that the relevant Wisconsin law violates "substantive due process," "Double Jeopardy," "Ex Post Facto Clause," and "equal protection." He also contends that the commitment statutes are "vague and overbroad in failing to define terms 'mental disorder' and 'sexually violent person,' sub-

jecting petitioner to 'cruel and unusual punishment.' "

The respondents urge the court to refrain from resolving these claims because of the United State Supreme Court's recent grant of certiorari in the consolidated cases of *Kansas v. Hendricks* and *Hendricks v. Kansas,* — U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996). The Act at issue in *Hendricks* provides for the continued commitment of a person who has been convicted of or charged with a sexually violent crime, and who has been determined at trial to be a "sexually violent predator." *See Kan.Prob.Code Ann.* § 59–29a02.

The respondents correctly point out that the Kansas case involves constitutional challenges that are "virtually identical" to Mr. Keith's challenges; they argue that this court should issue a stay pending the Supreme Court's resolution of the *Hendricks* case. The issues presented to the Court are, *inter alia,* (1) whether Kansas' Sexually Violent Predator Act violates "substantive due process principles," (2) whether the Kansas law is so punitive that, although it is labeled as a civil statute, it is "criminal," (3) whether the law violates the Double Jeopardy Clause of the United States Constitution, (4) whether the statute violates the Ex Post Facto Clause of the United States Constitution, and (5) whether the law fails to provide equal protection under the laws, as guaranteed by the United States Constitution. *See Kansas v. Hendricks,* — U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996); *Hendricks v. Kansas,* — U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996).

Because the Supreme Court's resolution of *Hendricks* is, at the very least, extremely relevant, and even more likely, dispositive, to the case at hand, I will stay the remaining part of Mr. Keith's petition until the United States Supreme Court's resolution of *Kansas v. Hendricks* and *Hendricks v. Kansas.* It would be a waste of judicial resources to do otherwise.

Therefore, IT IS ORDERED that the petitioner's first two grounds for relief be and hereby are dismissed as an abuse of the writ.

IT IS ALSO ORDERED that the remaining part of this action, Mr. Keith's con-stitutional challenges against his current confinement, pursuant to Chapter 980 of the Wisconsin statutes, be and hereby is stayed until a decision has been issued by the United States Supreme Court in *Kansas v. Hendricks* and *Hendricks v. Kansas.*